[Civ. No. 6308. First Appellate District, Division Two.—August 17, 1928.]

E. W. HOLLINGSWORTH, Respondent, v. M. G. LEWIS et al., Appellants.

Fred L. Dreher and J. Ed. McClellan for Appellants.

A. W. Hollingsworth for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover compensation for services as an attorney at law rendered in behalf of the defendants before the Interstate Commerce Commission. The defendants appeared and an-

swered. The plaintiff interposed a demurrer to the answer; it was sustained, and the defendants were given permission to amend within 10 days. They did not amend, and thereafter a judgment was entered in favor of the plaintiff for $5,963.40, with interest thereon from the date of the filing of the complaint, and for costs. From that judgment the defendants have appealed and have brought up the judgment-roll.

In his complaint the plaintiff set forth his cause of action in four separate counts. In the fourth count he pleaded a written contract *in hæc verba*. That portion of the contract material to a determination of the questions presented to us is as follows: "It is further agreed by and between the parties hereto that in the event that aforementioned reductions are secured, the said party of the second part shall turn over to the said party of the first part freight bills covering shipments made prior to the date on which such reductions became effective and on which freight charges shall have been paid by the said party of the second part, for the purpose of enabling the said party of the first part to secure refunds on such shipments to whatever basis shall be found just and reasonable by the Interstate Commerce Commission, and fifty per cent (50%) of the refunds so secured shall accrue to the said party of the first part, and the remaining fifty per cent (50%) shall accrue to the said party of the second part." In their answer, by certain admissions, allegations and denials, the defendants pleaded that of the moneys paid to them by order of the Interstate Commerce Commission $4,945.08 is principal—that is, moneys theretofore illegally collected from the defendants; and that the difference between the sum last stated and the amount claimed by the plaintiff represents a part of the moneys ordered paid to defendants as interest. In other words, it was the contention of the defendants in the lower court, and it is their sole point on appeal, that the plaintiff under the terms of his contract was not entitled to share in the moneys received by the defendants as interest on the principal sums illegally collected from the defendants by certain transportation companies. If this contention is a correct interpretation of the contract the judgment as rendered should be modified.

In their briefs counsel call to our attention some matters which we think do not appear on the face of the record; therefore we pass such matters by. They call our attention to certain passages contained in the contract which have not been quoted by us. We have examined the entire contract and do not find any portion that throws any additional light on the particular paragraph which we have quoted. Turning to that particular paragraph, it will be noted that the plaintiff undertook the burden of securing *"refunds* on such shipments," and that the defendants undertook to pay the plaintiff "50% of the refunds so secured." In very short, we are asked to determine the length and breadth of the meaning of the word *"refunds"* as used in the contract executed by the parties. As to whether that word included both freight moneys and interest on freight moneys, or merely included freight moneys, is slightly ambiguous. As the contract was made between an attorney and his client, the ambiguity should be resolved against the attorney and in favor of the client. (*Boardman* v. *Christin,* 65 Cal. App. 413 [224 Pac. 97].)

If we turn to any of the dictionaries we find that one of "the ordinary and popular" meanings of the word refund is to repay. (See New Standard, Webster's New International and Century.) When interpreting the meaning of words used in a contract the court should give to the words used "their ordinary and popular" meaning. (Civ. Code, sec. 1644.) As the defendants never paid any interest to any railroad company, in no proper sense can it be said that any railroad company, by virtue of the order of the Interstate Commerce Commission, or otherwise, *repaid,* that is *refunded,* any interest money. By the terms of the contract executed by the parties the plaintiff was never authorized to receive fifty per cent of all moneys collected. We are therefore of the opinion that the interpretation placed on the contract by the defendants is the correct interpretation.

It follows that the judgment appealed from should be modified by striking out the words "Five thousand nine hundred sixty-three and 40/100 ($5,963.40) dollars" and that there should be inserted in lieu thereof "Four thousand nine hundred forty-five and 08/100 ($4,945.08) dollars," and as so modified that the judgment should be affirmed. It is so

ordered. And it is further ordered that the defendants recover their costs on appeal.

Nourse, J., and Buck, P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 15, 1928.