[Civ. No. 9185. Second Appellate District, Division One.—October 15, 1935.]

RALPH W. MILLER, as Administrator, etc., Appellant, v. MAE G. WING, Respondent.

Edwin J. Miller for Appellant.

Alex. W. Davis and Mitchell, Silverberg & Knupp for Respondent.

SHINN, J., *pro tem.*—In this action by an attorney at law to recover attorney's fees claimed to have been earned by him and his assignor, an associate attorney, the court, upon facts for the most part stipulated, construed a contract in favor of the defendant, and held that the fees contracted for had been paid in full. From a judgment in favor of the defendant, plaintiff appealed, and also from the order denying his motion for a new trial. Owing to the death of appellant, the administrator of his estate has been substituted in his place in this appeal, and the references we shall make to appellant will be understood to include the original appellant and also his assignor, as both attorneys stand in the same position toward the employment and the litigation.

At the time the contract was made, the estate of defendant's deceased husband was in course of administration with a corporate executor under a will leaving substantially all of the estate to a trustee, the income during her lifetime being payable to respondent. The executor had filed an account current, which had been approved and settled, and a final account, report and petition for distribution, upon which no hearing had been had. Respondent (as shown by recitals of the contract) was making numerous claims against the estate, among which the following were specifically enumerated: That the entire estate was community property of defendant and her deceased husband; that all of the estate had not been accounted for by the executor; that certain of the property had been illegally sold and some sold for an insufficient consideration; that claims against the estate had been wrongfully allowed; that claims due the estate had been wrongfully released; that certain bequests and releases of indebtedness provided for in the will were chargeable only against the decedent's share of the community property, and that the amount of the estate was materially greater than as shown in the executor's account. She had previously had a contract of employment with appellant. She employed another firm, which we will refer to as the second attorneys. The contract in question was a reemployment of appellant, and effected a cancellation of the previous agreement. In

addition to the contract with appellant, respondent made an identical one with the second attorneys.

The provisions of the agreement regarding compensation are the following:

"First party agrees to pay to said second parties, and second parties agree to accept in full compensation for their services heretofore and hereafter rendered in the premises, as herein provided for, one-fourth ($\frac{1}{4}$th) of any and all amounts and property which may hereafter be procured by or distributed to first party as her community property interest in said estate, or which shall be procured or recovered by her as such, in any proceeding or action at law, or suit in equity, or by compromise, or otherwise, after deducting from said community interest recovered or procured, as aforesaid, by first party, forty per cent thereof, to compensate her for the income she would otherwise receive therefrom under and pursuant to the terms and conditions of said decedent's will; and first party also agrees to pay to second parties a sum equivalent to the value of a one-fourth ($\frac{1}{4}$th) part of the amount and property of said estate which shall be distributed by said executor to the trustee of said estate, over and above the amount and property which is set forth and provided to be distributed to said trustee under and pursuant to said executor's final report and account and petition for distribution, now on file in the above-named proceeding."

As the result of objections filed to the final account and a compromise effected during the course of trial, the following results were accomplished to the benefit and advantage of the client: By the terms of the will, an indebtedness of $8,000 due decedent from a brother was forgiven, but according to the account, as filed, a claim of the brother against the estate for money due had been allowed by the executor; under the compromise, the brother paid to respondent free from the trust the sum of $3,250. One-half of the gross estate was agreed to be community property which, under the stipulation of facts, was agreed to be equivalent to one-fourth of the net estate distributed from the executor to the trustee. In addition to the foregoing, respondent received in the distribution the sum of $12,000 as income from the estate during the course of administration. Under the final account of the executor which was referred to in the contract of employment, it did

not appear whether the executor would dispute respondent's right to the income; however, it transpired that the executor contended that the widow was entitled to receive income only from the time the estate passed into the trust. She contended, in objections filed by the attorneys, that she was entitled to the income from the entire estate from the date of her husband's death. The court held with her on this point.

The sole question as to the right to compensation under the contract is whether the attorneys are entitled to receive one-fourth, or any share of this sum of $12,000, paid to the respondent as income. It is admitted that they have been paid the sum of $3,000, which is all they were entitled to receive as their share of the other property coming to respondent as a result of the contest. The trial court found that the contract did not relate to any income respondent received in the settlement. This interpretation, as we read the contract, is the correct one. The attorneys were entitled to one-fourth of any property respondent might receive as community property. This they received. The $12,000 came to respondent under the will and not as community property. The attorneys were also entitled to receive the value of one-fourth of any property distributed by the executor to the trustee, above the amount shown in the executor's final account to be so distributable. The $12,000 did not fall within that class. The executor had accounted for all of the income; the only question was whether the income accumulated during the administration should go to the widow or to the trust estate. Appellant contends that the contract means that the attorneys' fees should be computed on the basis of one-fourth of any additional property distributed to respondent and that, under such construction, they would be entitled to one-fourth of the $12,000. The provision governing this phase of the agreement relates, however, in plain terms to property distributed by the executor to the trustee and does not relate to income payable to respondent.

In addition to the first cause of action of the complaint, which was upon the contract, the complaint contained a second cause of action for money had and received and for the value of legal services rendered. It is contended that if the contract did not provide for compensation of the attorneys for their efforts in gaining for respondent a greater share of the income, they were, nevertheless, entitled to re-

ceive the reasonable value of these services, and that one-fourth of the amount should be accepted as a proper basis of value. This position appears to us to be untenable. In the first place there is no ground for the assumption that the services relating to the matter of income were outside of or in addition to those covered by the contract. We find the following recital in the contract: "and unless due and timely proceedings are taken on behalf of first party the estate of said decedent will likely be distributed, in accordance with said account and petition, to the trustee named in said will . . . and first party be thereby deprived of her community property and considerable other property rights in said estate". It further reads: "First party retains and employs second parties as her attorneys to represent her in the preparation and prosecution of her claims aforesaid in any and all such proceedings in the Superior Court, or any court on appeal which second parties and the associate attorneys hereinafter mentioned may deem advisable; and second parties accept said retainer and employment for such purposes and agree to prosecute said proceedings to the best of their professional skill and ability in the premises in first party's behalf." And in the provision for compensation, which we have quoted, the stipulated fee was to be "in full compensation" of the attorneys. It appears that the employment was a general one to represent respondent in all matters then in controversy or which might incidentally arise in the course of the proceedings, to the end of gaining for the client a just share of the estate. This was undoubtedly the construction placed upon it by the parties, for the attorneys proceeded to present their client's claims to the income from date of death, without mentioning the fact that they considered such services to be in addition to those they were under contract to render. It would be giving an extremely narrow construction to the contract to hold that the attorneys were undertaking to limit the representation of their client to a recovery of property which she was to divide with them. We think a much fairer construction is one under which the client became entitled to the attorneys' services in advocating all of her rights as the surviving wife, and all those arose in her favor under the will, and that the stipulated compensation is all that they have a right to receive. ▮ Furthermore, the agreement should be construed liberally in favor of the client. She

had nothing whatever to do with its preparation. All negotiations leading up to the agreement were conducted by the second attorneys and appellant. All respondent did was to sign the contract after its terms had been agreed upon by the attorneys. The second attorneys, who represented respondent in negotiating the new contract with the first attorney, were likewise paid a fee of $3,000 for their services, and this sum was accepted as payment in full under the contract.

We are therefore of the opinion that appellant has not rendered any services additional to those which he contracted to perform and that having received the stipulated compensation he has been paid in full.

■ The court made no finding upon the second cause of action and this omission, it is claimed, requires a reversal. Since all of the services were rendered under the express contract there could be no recovery upon *quantum meruit*, and findings upon this cause of action were unnecessary. An additional reason for so holding is that the record presents, either in the stipulated facts or the testimony, no basis for a finding as to the extent of the particular services in question, nor does it appear which set of attorneys rendered such services. Had findings been made under this cause of action they, of necessity, would have been adverse to appellant and, therefore, the omission to make them furnishes no cause for reversal of the judgment.

The judgment is affirmed. The appeal from the order denying motion for new trial is dismissed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.