[Civ. No. 10508. First Appellate District, Division Two.—November 29, 1937.]

J. Y. McCLINTOCK, Respondent, v. W. L. BATHURST et al., Defendants; ELIZABETH ACKERSON, Appellant.

Marcus L. Roberts for Appellant.

William H. Brawner and Caryl Warner for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by defendant and cross-complainant Ackerson from a judgment in a quiet title action determining that appellant's rights under a certain instrument are held by way of security only. Appellant is the assignee of the interest held under said instrument by two attorneys at law. The attorneys were engaged by the owners of certain mining claims to handle certain litigation for them. The two attorneys and their clients executed an instrument which after reciting the employment provided that ''in Consideration of the services already rendered and hereinafter to be rendered by said attorneys, the clients agree to pay said attorneys therefor, in the following manner, to wit: That said fee for said services shall be an undivided twenty (20%) per cent interest in and to certain lode mining locations (describing them) and the clients as security for the fee hereinabove mentioned hereby sell, assign, transfer and set over to said attorneys said undivided twenty (20%) per cent interest in and to the above mentioned mining locations.''

It is appellant's contention that despite the use of the word ''security'' this instrument operated as an outright conveyance. While the word ''security'' is one of somewhat uncertain meaning when used in connection with an assumed obligation, its generally accepted meaning is the giving of assurance by means of mortgage, pledge or other lien that the obligation will be performed. This commonly accepted meaning is illustrated in section 2872 of our Civil Code, which reads: ''A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act.''

The instrument in question is probably not strictly a mortgage because the very property agreed to be given in payment of the fee is also made the security; but giving effect to every word in the instrument, as we must if possible (Civ. Code, sec. 1641), the intent of the parties seems to have been that while the attorneys would not be entitled to the property until the agreed services were fully performed by them, they were given a lien upon the property immediately, as security that the interest in the property would become theirs upon the performance of their obligation. Any other construction would make superfluous the word ''security'', which was inserted in the document by the attorneys them-

selves, and in case of uncertainty must be construed against them. (Civ. Code, sec. 1654.) In the construction of contracts for fees between attorneys and clients, any ambiguity must be resolved against the attorney and in favor of the client. (*Hollingsworth* v. *Lewis*, 93 Cal. App. 526 [269 Pac. 709]; *Miller* v. *Wing*, 9 Cal. App. (2d) 483 [50 Pac. (2d) 470]; *Boardman* v. *Christin*, 65 Cal. App. 413 [224 Pac. 97]; 3 Cal. Jur., p. 686.)

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1938.