[Civ. No. 19976.  Second Dist., Div. Two.  June 17, 1954.]

SAMUEL L. KURLAND et al., Respondents, v.
EDWARD E. SIMMONS, JR., Appellant.

Edward E. Simmons, Jr., in pro. per., for Appellant.

Samuel L. Kurland and A. Arnold Klein, in pro. per., for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover for attorney's fees, defendant appeals.

*Facts*: It was alleged in the complaint:

Count I, that defendant became indebted to plaintiffs in the aggregate sum of $20,000, on which the balance of $16,200 remained unpaid, for the reasonable value of legal services rendered by plaintiffs on defendant's behalf and at his request in connection with proceedings had in and before the District Court of Appeal, Second Appellate District, State of California, in an action entitled *"Edward E. Simmons, Jr., Plaintiff and Respondent* v. *California Institute of Technology, et al., Defendants and Appellant,"*[1] and in addition for the reasonable value of services rendered on defendant's behalf and at his request in connection with proceedings had before the Supreme Court of the State of California in said action.

Count II, that defendant became indebted to plaintiffs in the sum of $3,500, no part of which had been paid, for legal services rendered by them on his behalf and at his request in connection with an action entitled *"Baldwin Locomotive Works, Plaintiff* v. *Edward E. Simmons, Jr., et al., Defendants."*[2]

Prior to pleading to the complaint defendant paid the sum of $3,200 to plaintiffs for which they filed an acknowledgment of credit on account of their total claim.

Subsequently the parties entered into a written stipulation by which defendant paid to plaintiff Kurland the entire balance of plaintiffs' claim in the sum of $16,500.

Defendant in his answer, counterclaim and cross-complaint alleged that plaintiffs agreed to render all services necessary in connection with the District Court of Appeal and the Supreme Court appeals, for a total fee of $7,000; that plaintiff Kurland agreed to charge a fee for the Baldwin matter

---

[1] Hereinafter this action is referred to as the "Cal Tech case."

[2] This action will hereinafter be referred to as the "Baldwin matter."

on the same basis as the fee in the superior court trial of the Cal Tech case; that defendant had never been billed for these services; that he was not indebted to plaintiff Klein; and that he demanded the return of the $16,500 which he had paid. He also alleged that plaintiffs' second cause of action was barred by the statute of limitations.

The trial court found that the total value of services rendered by plaintiffs to defendant on the Cal Tech case was of the reasonable value of $20,000, on account of which defendant had paid plaintiffs $7,000, leaving an unpaid balance due plaintiffs in the amount of $13,000; that the reasonable value of services rendered by plaintiffs in the Baldwin matter was $3,500, no part of which had been paid, giving judgment in favor of plaintiffs for $16,500, which was to be satisfied from the funds previously paid by defendant to plaintiff Kurland and for costs.

*Questions*: First: *Was there substantial evidence to sustain the trial court's findings as to the reasonable value of the services rendered by plaintiffs to defendant?*

*Yes.* (a) *Fee in the Cal Tech case.* Mr. Pierce Works, a highly respected member of The State Bar of California, with vast experience in the trial of cases, when asked the hypothetical question as to the value of services rendered by plaintiffs to defendant in the Cal Tech case, testified as follows:

"In my opinion, the services rendered in the appeal phase of the (Cal Tech) matter, because of the complexity, the excellent results obtained for Mr. Simmons, the skill and tenacity with which Mr. Kurland and Mr. Klein protected Mr. Simmons' interests warrant an allowance of at least $30.00 an hour. And at 806 hours, according to my arithmetic, that would be rounded off at $24,000.00 or might be rounded off at $25,000.00 . . . I should perhaps make it clear I regard that as more or less of a minimum."

In concluding his testimony Mr. Works stated: "According to my arithmetic, $17,115.00 for the Supreme Court work. And as your Honor indicated, $7,925.00 for the District Court of Appeal."

This testimony clearly sustains the finding of the trial court that the reasonable value of services in this matter was $20,000.

(b) *Fee in the Baldwin matter.* Mr. Pierce Works testified as to the reasonable value of services rendered by plaintiffs to defendant in the Baldwin matter: "In my opinion,

the services rendered as to the Baldwin phase of the matter would be reasonably worth $20.00 an hour, or $3,900.00.''

■ In view of the foregoing testimony and the established rule that where the trial judge has fixed the compensation of an attorney upon a consideration of the evidence and his own judgment, an appellate court will not interfere unless a plain and palpable abuse of discretion has occurred (*Estate of Schnell,* 82 Cal.App.2d 170, 175 [3] [185 P.2d 854]) no useful purpose would be served by considering other evidence in support of the trial court's findings since it is clear that the trial court did not abuse its discretion. (*Cf. Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [56 P.2d 549].)

■ Second: *Was there an agreement between plaintiffs and defendant which was ambiguous but could be construed to mean that plaintiffs agreed to do all the work in the Cal Tech case on appeal for the sum of $7,500, and that since the agreement between the attorney and client was ambiguous it should be construed in favor of defendant in accordance with the rule announced in the following cases: Preston* v. *Herminghaus, 211 Cal. 1 [392 P. 953]; McClintock* v. *Bathurst, 23 Cal.App.2d 647 [73 P.2d 1237]; Miller* v. *Wing, 9 Cal.App.2d 483 [50 P.2d 470]; Pinto* v. *Seely, 22 Cal.App. 318 [135 P. 43]; and Bennett* v. *Potter, 180 Cal. 736 [183 P. 156]?*

*No.* There was a direct conflict between plaintiffs' and defendant's testimony. Plaintiffs testified that they did not make an agreement with defendant limiting their fee to $7,500 for all the work done in the Cal Tech case while it was on appeal. This testimony was denied by defendant, leaving a question of fact for the determination of the trial judge, who by his finding, supported by substantial evidence, believed the testimony of plaintiffs and disbelieved the testimony of defendant.

This is clearly indicated by a portion of the trial court's memorandum ruling, reading as follows: ''Despite defendant's contention that attorneys are not trustworthy, the Court is inclined to believe Kurland's testimony that the fee (whether $7000 or $7500) was only for proceedings in the District Court of Appeal; that he did tell Simmons that there would be an additional fee if there were further proceedings in the Supreme Court.''

The letter of August 5, 1946, relied on by defendant is not ambiguous but supports plaintiffs' testimony. It reads in part as follows: ''Upon our last meeting you stated that you did

not want any contingency to exist on the matter of the fee on the Appeal, *Simmons* v. *California Institute of Technology,* District Court of Appeal, 2nd Civil No. 15109, and a fee of $7500.00 plus costs and expenses upon the appeal was agreed upon for said proceeding. Since more than a year has elapsed since completion of the transcript on appeal and Mr. Klein and I have worked on the matter since that time, I would appreciate payment of some portion of the fee on account.''

Third: *Is defendant's contention correct that plaintiffs could not sue in quantum meruit for the services rendered since defendant "contracted for the whole of the appeal in the Cal Tech case for the fixed fee of $7500?''*

*No.* Defendant's contention is without merit. Relative to the first count, pertaining to the Cal Tech case, defendant assumes facts not found by the court, to wit, that plaintiffs agreed to handle the Cal Tech case on appeal for the total sum of $7,500. The trial court found just to the contrary, supported by substantial evidence. The finding was that defendant agreed to pay the reasonable value of the services in connection with the appeal.

In addition, the rule is established in California that if a contract is fully executed upon the part of plaintiff and payment in money is to be made, plaintiff may elect to sue either upon the contract or upon the common count for the reasonable value of services rendered. (*Castagnino* v. *Balletta,* 82 Cal. 250, 257 [23 P. 127] ; *Lucy* v. *Lucy,* 22 Cal. App.2d 629, 631 [1] [71 P.2d 949].)

Relative to the second count for the Baldwin fee, defendant erroneously contends that there was a different contract between plaintiffs and defendant, in that he was to be charged only $200 per day for court appearances. The trial court did not so find, but found that the parties orally agreed that plaintiffs would be paid a reasonable fee for their services in connection with the Baldwin matter. This was to be computed at the rate of $200 per day for time expended on and in connection with the matter. The evidence disclosed that 195 hours were expended by plaintiffs on the Baldwin matter, which, predicated upon an 8-hour day basis, would equal $4,875. Clearly the trial court's finding was supported by the evidence in the instant case.

Fourth: *Was plaintiff Klein a proper party plaintiff to the action?*

*Yes.* The record discloses that shortly after the appeal in the Cal Tech case was instituted, plaintiff Kurland re-

quested and received permission from defendant to associate plaintiff Klein as cocounsel. Plaintiff Kurland testified in part as follows:

"I told Mr. Simmons that I thought the appeal would be a difficult matter; that the findings that we had would make a difficult matter even more difficult because Judge Beardsley would not accede to the request of Mr. Klein and myself, as he, Mr. Simmons, knows, to word the findings as we wanted them, completely in our favor. But he had ordered certain matter in the findings which raised an ambiguity. That the appeal would be difficult, and that I would not go into the appeal without getting some physical help on the matter, and that I wanted to associate Mr. Klein.

"He said in his kind of brief style that I could associate whoever I wanted, to use my judgment. I told him I would use Mr. Klein. And Mr. Klein participated in all the work on the appeal except one portion at the time of the first rehearing."

Relative to the Baldwin matter, plaintiff Klein participated in the conferences with defendant and with Baldwin's counsel prior to the institution of the action, and participated in all phases of the action itself as cocounsel of record with defendant's knowledge and without objection upon his part. Clearly, under the evidence he had been employed with defendant's consent and was a proper party plaintiff.

Fifth: *Was the trial judge prejudiced against defendant?*

*No.* An examination of the record discloses that defendant had a full, fair, complete and impartial trial. There is absolutely nothing in the record to indicate the slightest bias or prejudice upon the part of the trial judge.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied July 8, 1954, and appellant's petition for a hearing by the Supreme Court was denied August 10, 1954.