[No. 8515.   Department One.   March 29, 1910.]

THE STATE OF WASHINGTON, *on the Relation of John Arthur,* *Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

DIVORCE—ATTORNEY'S FEES—JURISDICTION TO DETERMINE AMOUNT. Rem. & Bal. Code, § 988, authorizing the court to dispose of the property of the parties to an action for divorce does not give the court jurisdiction to determine the questions of compensation arising between the parties and their attorneys; but Rem. & Bal. Code, § 474, leaving such agreements to the parties in civil actions, applies to actions for divorce; hence, in fixing the attorney's fee in divorce, the court considers the circumstances and conditions of the defendant, irrespective of the wife's agreement with her counsel.

SAME. After awarding a wife a divorce the court has no jurisdiction in the divorce action to amend its decree so as to be a final determination between her and her counsel as to his agreed compensation, although when the parties are properly before the court it can determine the validity and amount of the attorney's lien upon the judgment.

SAME—PROHIBITION—WHEN LIES. In such a case, the attorney not being a party, and having no adequate remedy at law or by appeal, prohibition lies to prevent the amendment of the divorce decree in so far as it affects the attorney's right to compensation.

Application filed in the supreme court December 9, 1909, for a writ of prohibition to the superior court for King county, Gay, J., to prevent the entry of a judgment in a divorce proceeding.   Granted.

*Kerr & McCord,* for plaintiff.

*Jas. E. Bradford* and *Herchmer Johnston,* for defendant.

[1]Reported in 107 Pac. 876.

RUDKIN, C. J.—On the 28th day of October, 1908, one . Eleanor Ferguson, through the relator as her attorney, commenced an action for a divorce against her husband, Fred E. Ferguson, in the superior court of King county. The case thereafter came on regularly for trial, and the court made findings of fact and conclusions of law, and entered a decree in favor of the plaintiff, awarding her a divorce, the care and custody of a minor child, certain property and a money judgment, and costs of suit, including an attorney's fee of $100. The court found, among other things, that, "As part compensation for his services in this cause, it is reasonable that the defendant should pay one hundred dollars ($100)," and the conclusions of law and decree followed the findings in that regard. After the entry of the final judgment, the relator filed a notice with the clerk of the court, claiming a lien on the judgment in the sum of $544 for services performed in the action. Thereafter the defendant in the action was cited to appear and show cause why he should not be punished as for a contempt for failure to pay over certain moneys awarded to the plaintiff by the decree. In the answer or return to the show cause order, the defendant set up the lien claim filed by the relator, and thereupon the court cited the relator to appear and show what if any lien he had or claimed upon the judgment. The relator appeared in obedience to the citation or show cause order, and the plaintiff in the action thereupon proposed amended findings of fact and conclusions of law and an amended decree, wherein it was found and decreed that the attorney's fee of $100, allowed by the court in the divorce action, was in full payment for all services performed by the relator for the plaintiff in the prosecution of that action. The court indicated its intention to sign the amended findings and decree, and the relator applied to this court for a writ of prohibition to restrain it from so doing.

The case is now before us for final determination on the return to a show cause order, and on testimony taken before

a referee appointed by this court. If the court below is pro-
ceeding without or in excess of its jurisdiction and the re-
lator has no plain, speedy or adequate remedy by appeal or
in the ordinary course of law, the writ must issue as prayed,
but otherwise the writ should be denied.  The respondent
contends that it simply proposes to amend its records to
conform to the facts and make them speak the truth.  If such
were the only purpose of the amendments, and no persons
were affected thereby except the parties to the action, who
are not here complaining, the relator would not be heard to
complain.  But while in form the court may be proposing
to amend its records to conform to the facts, it is, in fact,
attempting to adjudicate the rights of parties not before it
and over whom it has no jurisdiction.

On the trial of an action for divorce the court may, as be-
tween the parties, make such orders as it may deem right and
proper for the disposition of the persons, property, and
children of the parties, and relative to the expenses of the
action.  Rem. & Bal. Code, § 988.  But this section gives
the court no jurisdiction to determine questions arising solely
between the litigants and their counsel.  Section 474, Rem. &
Bal. Code, provides, that the measure and mode of compensa-
tion of attorneys and counsellors shall be left to the agree-
ment, express or implied, of the parties, and this section ap-
plies to an action for a divorce as well as to any other form
of action.  A plaintiff in a divorce action may make an agree-
ment with her attorney fixing the amount of his compensa-
tion, and, in the absence of an express agreement, the law
will imply an agreement to pay the reasonable value of the
services performed, and this obligation is not affected or
abrogated by the allowance of an attorney's fee in the divorce
action, except as to the amount allowed.  In fixing the allow-
ance in the divorce action the court is governed and con-
trolled by many considerations, aside from the reasonable
value of the services performed.  If the plaintiff in the action
has made an express agreement with her attorney, the court

will disregard it and will allow only such sum as it deems proper, taking into consideration the ability of the defendant and all the surrounding circumstances. In so far, therefore, as the court below is attempting to enter a judgment in the divorce proceeding which will be final and conclusive as between the plaintiff in that action and her attorney, it is exceeding its jurisdiction; and inasmuch as the relator is not a party to that action, and has no right of appeal, prohibition is the appropriate remedy. Upon application of either the relator or the plaintiff in the divorce action the court below has jurisdiction to determine the validity and amount of the lien claimed by the relator, when the parties in interest are properly brought before it, and this is the measure of its powers and duties. It has no right or jurisdiction to make such an adjudication in the divorce action, and in so far as it is threatening or attempting to do so, the writ of prohibition will issue as prayed. With amendments which will not affect the rights of the relator, or with the merits of the relator's claim, we are not now concerned.

MOUNT, GOSE, CHADWICK, and FULLERTON, JJ., concur.