[Civ. No. 4442. First Appellate District, Division Two.—January 17, 1924.]

## G. M. BOYLES, Respondent, v. MARY LEONARDO, Appellant.

[1] ATTORNEY'S FEES—OVERREACHING BY ATTORNEY—PLEADING—EVIDENCE—FINDING—APPEAL.—Where the complaint in an action to recover attorney's fees is in two counts, one upon express contract and the other upon implied contract for the reasonable value of the services rendered, and the trial court, upon sufficient evidence, has found in favor of the plaintiff upon both counts, the contention on appeal that the express contract pleaded in the first count was fraudulent, as being an attempt on the part of an attorney to overreach his client in the matter of charges, cannot be sustained.

[2] ID.—ELEMENTS IN FIXING FEE.—In such an action, the amount of time that should have been consumed is not the sole question to be considered in determining the fee, but the amount involved and the amount of time actually consumed are proper elements.

[3] ID.—ORAL AGREEMENT AS TO AMOUNT—SUBSEQUENT ALLOWANCE BY COURT.—An oral contract by the wife to pay a specific attorney's fee for services to be performed in connection with an action for divorce and settlement of property rights is not rendered invalid and unenforceable by the attorney by his act in subsequently placing the wife on the stand to ask an allowance of attorney's fees under the provisions of section 137 of the Civil Code, pursuant to which request the court makes an allowance of a lesser sum than agreed to be paid by the wife.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. Gonsalves and J. E. Pemberton for Appellant.

Donahue, Hynes and Hamlin for Respondent.

STURTEVANT, J.—The action was brought to recover a judgment for attorney fees which the plaintiff alleged were performed by his assignors for the plaintiff in a certain

Recovery for services to wife in divorce suit, notes, 24 L. R. A. 629; 34 L. R. A. (N. S.) 1080; L. R. A. 1917F, 362.

divorce case commenced by the defendant. The trial court awarded the plaintiff a decree and the defendant has appealed therefrom.

Prior to May 23, 1921, Joseph J. Leonardo and Mary Leonardo had been husband and wife. Either as his separate property in part, or as community property at least in part, they were at that time possessed of a number of pieces of property of considerable value. Some of those properties were in Portugal and some were in California. Prior to the date last mentioned Mary Leonardo called on plaintiff's assignors, complained to them that her husband was in the habit of brutally beating and whipping her, and consulted them as to her rights. Mr. Donahue at first took charge of the matter and commenced a series of conversations in which he attempted to settle the troubles existing between the Leonardos. Failing in that effort, a further conference took place between him and Mrs. Leonardo. At that time it was determined to commence the divorce case. Mr. Donahue testified that at that time he stated the fee would be $5,000, and Mrs. Leonardo said "all right." Thereupon, May 23, 1921, the action in divorce was filed. Later an application for temporary maintenance and for costs and an attorney fee was made. The application was brought to a hearing and on June 3, 1921, an order was made awarding the plaintiff $250 per month pending suit, $250 costs, and $500 on account of her attorney fees. While the court proceedings stood at that stage, the attorneys for the respective parties conducted such negotiations as led to a tentative property settlement. On July 11, 1921, the husband paid $500 to his wife for attorney fees, and on the same day a conversation was had between plaintiff's assignors and their client which resulted in a writing dated July 11, 1921, which is as follows:

"When a settlement is made between J. J. Leonardo and myself entered into this day and when said ten thousand dollars is paid and said note for $35,000.00 is executed I agree to pay to Donahue and Hynes the sum of $4500.00 less $500.00 already paid by said J. J. Leonardo, for attorneys fees and costs.

"Dated: July 11th, 1921.

                         "MARY LEONARDO."

Mr. Donahue testified that when that paper was written by him that Mrs. Leonardo signed it and expressed her satisfaction with the terms stated in it. Later several papers were written and signed by the respective parties, but they were not delivered because the husband had some trouble in getting the cash to make a cash payment. Consultations and conferences continued. Later matters so fell out that the wife did not accept or act on the tentative agreement as to a settlement of property rights, and furthermore she caused the divorce action to be dismissed. However, she did accept a property settlement which was drawn up by her husband's attorney.

Shortly after the dismissal of the divorce action the plaintiff filed this action. The complaint pleads the rights of the plaintiff in two counts. The first count pleads an express contract. The second count pleads an implied contract resting on the reasonable value of the services rendered. The defendant filed an answer in which she denied the material allegations contained in the complaint, and a trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff on the issues presented by the first count and the answer thereto.

The appellant contends that the contract was without any consideration. A most casual reading of the record shows the point is without merit as thus stated. Later the question arises from another aspect and then it is more serious. We pass it for the present.

[1] The appellant's second point is that the contract was vitiated by fraud. In this connection the appellant's argument is twofold. She claims the contract was fraudulent as being an attempt on the part of an attorney to overreach his client in the matter of charges. Even though the charge had been sustained as to the first count, nevertheless the plaintiff would have been entitled to the reasonable value of the services rendered in response to the issues tendered by the second count. However, the plaintiff assumed the full burden of proving the issues as tendered by both counts. He introduced proof, which, if the court believed it, would have warranted a judgment on either count. The trial court saw fit to rest its judgment on the first count. Clearly, we have no power to disturb it on such a record. Two disinterested attorneys testified that the charge was reasonable,

and Mr. Donahue testified the same way and submitted himself to a cross-examination which did not break down his testimony given on direct examination. There was no overreaching proven.

[2] At this time and in this connection it may be stated that the appellant made objections to questions, the objections were overruled, and she noted exceptions to the rulings which are of one class and may be so treated. The respondent, believing that one element in setting a fee was the amount involved, and the appellant, apparently believing that in setting a fee the sole question was the amount of time that should have been consumed and not the amount of time that was actually consumed, asked certain questions accordingly. The theory of the respondent was clearly correct and the theory of the appellant was equally incorrect.

[3] The second ground on which appellant charges fraud is that a fraud has been practiced on the trial court. In other words, it is her contention that when the oral contract was made, as testified to by Mr. Donahue, then it followed that later Mrs. Leonardo should not have been placed on the stand to ask an allowance of attorney fees under the provisions of Civil Code, section 137. Be this as it may, the question was not then presented and is not now before this court. However, we have before us a claim that before appearance was made in the divorce case Mrs. Leonardo entered into a contract to pay an attorney fee of $5,000. She had a perfect right to do so. She committed no act thereafter that destroyed that valid contract. (Civ. Code, secs. 1697–1699.) Neither did plaintiff's assignors. If Mrs. Leonardo were now suing on the contract some question might arise as of the nature of estoppel. But she is not suing. Facts working an estoppel as to her will not necessarily nor ordinarily work an estoppel as to one who was once her attorney and who sues *sui juris*. (Code Civ. Proc., sec. 1908.) The question has not been passed on in this jurisdiction. The authorities in other jurisdictions are against this appellant and in favor of this respondent. (*Culley* v. *Badgley*, 196 Mich. 414 [163 N. W. 33]; *State* v. *Superior Court*, 58 Wash. 97 [107 Pac. 876].)

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 17, 1924.

All the Justices concurred.