[L. A. No. 13325. In Bank.—February 25, 1932.]

LOUISE MARIE JACKSON, Respondent, v. EUGENE C. CAMPBELL, Appellant.

Eugene C. Campbell, *in pro. per.*, for Appellant.

Thomas S. Bunn for Respondent.

PRESTON, J.—This appeal involves the construction of a written contract of employment to determine thereunder the amount to be retained by defendant as his fee for legal services rendered plaintiff.

Defendant, plaintiff's attorney, secured as damages for the death of her husband, a judgment in her favor in the total sum, including interest and costs, of $7,384.65, which judgment was affirmed on appeal. A controversy having arisen over the percentage to be retained by defendant as his fee, plaintiff brought this action to recover $4,908.36, alleged to be due her after retention by defendant of a thirty-five per cent fee with interest, amounting to $2,476.29.

The written contract between the parties contained paragraphs numbered I to IV, relating to the fee to be received by defendant. Paragraph I provided that if defendant should collect plaintiff's claim for damages without suit, he should receive as compensation for his services twenty per cent of the total amount collected. Paragraph II provided that if he could not so collect said claim, an action for damages should be brought by him as attorney for plaintiff, plaintiff to advance and pay all costs and expenses connected therewith, and defendant to receive ''as

compensation for his services in bringing and prosecuting the said action to judgment in said superior court'' thirty-five per cent of the total amount recovered. Paragraph III provided that in the case of a compromise and settlement of said claim after bringing suit, defendant should receive as compensation for his services thirty-five per cent of the amount received in settlement. Paragraph IV provided that in case the action was appealed to the Court of Appeals or the Supreme Court, plaintiff would advance and pay all costs in connection therewith and defendant should ''receive as compensation for his services therein'' thirty-five per cent of the amount recovered in said action.

Plaintiff, as above stated, claimed that said contract entitled defendant to retain but a thirty-five per cent fee for his services in both trial and appellate courts. In his answer defendant alleged that he was entitled under said contract to a thirty-five per cent fee for his work in the trial court alone and to an additional sum for his services on appeal, making a total in excess of fifty per cent of the amount recovered, but that he waived his right to any more than said fifty per cent and offered to pay into court for the use and benefit of plaintiff the sum of $3,692.84, being one-half of the total judgment collected. Thereafter and prior to trial he did pay said sum to plaintiff and she accepted it. Upon these facts the court found that under said contract defendant was entitled to retain a fee of thirty-five per cent only and it therefore gave judgment for plaintiff in the sum of $1441.69, interest and costs, which sums, together with the $3,692.84 above mentioned, made up the total amount of her claim. Defendant appealed.

With the conclusion of the court below we are in full accord. Paragraph II of the contract provides a fee of thirty-five per cent for the services of defendant in the trial court. Paragraph IV provides a like compensation in case of appeal. The latter paragraph does not say that defendant shall receive a ''further'' payment of thirty-five per cent or an ''additional'' thirty-five per cent of the amount recovered; it simply states that in case of appeal, he shall receive said thirty-five per cent as his compensation. The only reasonable construction of these provisions is that it is the same thirty-five per cent that is referred to in both paragraphs and not one thirty-five per cent in

paragraph II and an additional thirty-five per cent in paragraph IV. In other words, it seems clear that defendant had in mind the naming of a fee to cover all contingencies, that is twenty per cent for collection of the claim without suit or thirty-five per cent in the event of recovery by any one of the three other possible means, to wit: Termination of the case in the trial court, termination by compromise after suit or termination upon appeal. This is the obvious purport of the said provisions; they are so drawn as to leave no escape for plaintiff from payment of a thirty-five per cent fee in the event of a recovery after commencement of a court action.

■ If it had been contemplated that defendant should receive two thirty-five per cent fees, or a total of seventy per cent, for his services in the trial and appellate courts, the contract should have so stipulated, although a provision for any such grossly excessive compensation in this case would have been so unconscionable as to raise the question of its enforceability. But, as above stated, this contract on its face appears to provide a fee of thirty-five per cent to cover defendant's services upon both trial and appeal and, moreover, were the language regarded as ambiguous, we would be impelled to uphold the action of the court below in resolving any ambiguity in favor of plaintiff and in giving the instrument such interpretation as would render it valid, reasonable, conscionable and enforceable. (Sec. 1643, Civ. Code.)

■ Likewise without merit is defendant's claim that said payment, while the case was at issue and prior to trial, to plaintiff of the sum of $3,692.84 constituted an accord and satisfaction, pursuant to which judgment should have been entered in his favor. The record provides no basis for such a judgment, showing merely that on April 21st defendant tendered to plaintiff personally a check for $3,685.57, marked "in full" and plaintiff refused to accept it; that after institution of this action on May 18th and after the filing of said answer offering to pay into court, for the use and benefit of plaintiff, half of the total judgment collected "the defendant paid over to the plaintiff the sum of $3,692.84", which she accepted and retained. From all that appears, therefore, it would seem that plaintiff took said sum, not as an accord and satisfaction, but pursuant

to the offer made by defendant in his answer. That this is evidently a true statement of the situation likewise appears from the findings which are worded in conformity with the only evidence in the record on the subject, as aforesaid. There was, therefore, no error on the part of the court below in this behalf.

The judgment is affirmed.

Langdon, J., Curtis, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.