[L. A. No. 22065.   In Bank.   Jan. 6, 1953.]

ARNOLD D. KRIEGER et al., Respondents, v. PAUL ADAMS BULPITT, Defendant; ALEXANDER RUIZ, Third Party Claimant and Appellant.

Alexander Ruiz, in pro per., for Third Party Claimant and Appellant.

Arnold D. Krieger, in pro per., and Morgan W. Gordon for Respondents.

SPENCE, J.—This is an appeal by the third party claimant from a judgment determining that defendant was the owner of a certain airplane and that the third party claimant held the proceeds of a sale thereof in trust for defendant. A purported appeal is also taken from a minute order denying a motion to quash execution, a motion to dismiss, and overruling a demurrer to plaintiffs' petition to determine title.

Appellant's sole contention is that the judgment upon which execution was issued is void on its face because it is based on a contract contrary to public policy, and that therefore any proceedings to enforce such judgment are likewise void. But an inspection of the record refutes appellant's claim and sustains the validity of the judgment.

Prior to March 8, 1949, Dr. Helen Bulpitt, the former wife of defendant, filed an action for divorce against defendant. The latter retained plaintiffs, who are attorneys at law, to represent him in the pending divorce action and to secure a favorable property settlement. Accordingly, on the date mentioned he entered into a written agreement with plaintiffs for their employment under a contingent arrangement, allowing them for ''services rendered and to be rendered'' 10 per cent of the appraised value of all property secured for defendant, but in no case should their fee be less than $5,000 nor more than $7,500. Pursuant to such employment, plaintiffs negotiated with the attorneys for defendant's wife and secured a property settlement agreement. Defendant orally approved the agreement but later

refused to execute it and permitted his wife to secure an interlocutory decree of divorce without contest.

Defendant refused to pay plaintiffs any attorney fees or costs. Thereupon plaintiffs brought suit against defendant, basing their first cause of action upon the express terms of the agreement and their second and third causes of action upon common counts for the reasonable value of their services. Defendant answered and counterclaimed, alleging plaintiffs' neglect of their duties as attorneys. This answer and counterclaim were stricken on motion of plaintiffs, and plaintiffs' motion for a summary judgment was granted. The trial court found all allegations of the complaint true, that plaintiffs were entitled to compensation in accordance with their agreement with defendant, but that they had not established their right to the maximum fee therein fixed and should only be allowed the minimum fee of $5,000. Accordingly, on January 6, 1950, judgment was given in plaintiffs' favor for $5,050, the additional $50 representing the amount of costs which they had advanced on defendant's behalf in the divorce action.

On April 16, 1951, plaintiffs levied execution on a certain Beechcraft airplane. Immediately thereafter Alexander Ruiz as third party claimant filed his claim, alleging absolute ownership of the airplane by virtue of a bill of sale executed by defendant on March 30, 1951, in consideration of legal services rendered and to be rendered by said claimant. Plaintiffs thereupon filed a petition under section 689 of the Code of Civil Procedure to determine the title of the third party claimant. In the meantime the airplane was sold and pursuant to court order, the proceeds were placed in a special fund. At the subsequent hearing, the trial court decreed that defendant, and not the third party claimant, was the owner of the airplane, and that the proceeds of its sale were held in trust for defendant subject to a lien by the third party claimant for attorney's fees. Accordingly, judgment was given to plaintiffs for the excess of the trust funds over the lien, amounting to $3,701.66. The third party claimant appeals on the judgment roll. (Code Civ. Proc., § 689.)

Appellant argues that it was the duty of the court, in the determination of title, to refuse to lend its aid to the enforcement of plaintiffs' judgment for these reasons: that such judgment on its face shows that it is based on a contingent fee contract negotiated in a divorce action, which contract is void as against public policy (*Newman* v. *Freitas*,

129 Cal. 283 [61 P. 907, 50 L.R.A. 548]; *Parsons* v. *Segno,*
187 Cal. 260 [201 P. 580]; *Ayres* v. *Lipschutz,* 68 Cal.App.
134 [228 P. 720]; *Theisen* v. *Keough,* 115 Cal.App. 353 [1
P.2d 1015]; *Wiley* v. *Silsbee,* 1 Cal.App.2d 520 [36 P.2d
854]; that no action on the part of the parties either by
conduct, stipulation or judicial decree will give such judg-
ment validity, and it remains subject to collateral attack
(*Hunter* v. *Superior Court,* 36 Cal.App.2d 100, 113-114 [97
P.2d 492]). But appellant cannot prevail in his argument
when consideration is given to the precise nature of the
contract here involved.

█ Unquestionably, a contingent fee contract between
an attorney and his client looking to the institution of a
divorce action is void as against public policy. The above
cited cases so hold upon the ground that such collateral bar-
gaining is promotive of divorce and so contrary to the in-
terests of society. (See Bishop on Marriage, Divorce and
Separation, vol. 2, § 696; also *Green* v. *Green,* 66 Cal.App.2d
50, 57 [151 P.2d 679]; 30 A.L.R. anno. 188.) In each of
those cases the contingent fee contract was between the at-
torney and the party seeking to procure a divorce, which
situation involved the personal interest of the attorney in
preventing a reconciliation between the parties, a thing which
the law favors and public policy encourages. (*Newman* v.
*Freitas, supra,* 129 Cal. 283, 291-292.) But here the con-
tingent fee contract did not have for its object the dissolu-
tion of a marriage. Rather by the terms of their contingent
arrangement, plaintiffs undertook the defense of a divorce
action already instituted by their client's wife and the rendi-
tion of services for the protection of his interests upon any
division of the community property.

█ There should not be a dogmatic condemnation of every
contingent fee contract in a divorce action regardless of
distinguishable circumstances. Rather the validity of such
contract should be determined in the light of the factual
background of the particular case and considerations of
public policy appropriate thereto. This general principle
was followed in *Hill* v. *Hill,* 23 Cal.2d 82 [142 P.2d 417],
in upholding a property settlement agreement conditioned
upon divorce, where these factors appeared: prior to execu-
tion of the agreement the parties had been separated for
two years and the wife previously had a cause for divorce.
In rejecting the husband's claim that the agreement was not
enforceable by the wife because it was *contra bonos mores,*
the court observed that there is no public policy in the con-

tinuance of a moribund marriage, where all possibility of reconciliation is apparently extinct and the parties "had no intention or expectation of resuming marital relations." (23 Cal.2d 93.) In such case where a marriage's legitimate ends have been frustrated and the parties cannot derive from it the benefits for which it was instituted, the best policy is to permit dissolution of the marriage. (See *Streeter* v. *Streeter*, 67 Cal.App.2d 138, 141 [153 P.2d 441]; *Miranda* v. *Miranda*, 81 Cal.App.2d 61, 69 [183 P.2d 61].)

Like considerations apply here to sustain the conclusion of the trial court in the main action that plaintiffs' contingent fee agreement is valid and enforceable. The divorce action had already been commenced by the wife, establishing that the "domestic status of the parties was unsettled and their relations unsatisfactory" (*Hill* v. *Hill*, *supra*, 23 Cal.2d 82, 93), and thereafter the husband engaged plaintiffs to defend the suit and protect his interests in adjusting property rights on a contingent fee basis because, as appears from the agreement, he had no funds with which to reimburse them for "services rendered and to be rendered" in the pending litigation. A contingent fee contract made under such circumstances between an attorney and a client does not involve vitiating considerations contrary to public policy or constitute an agreement "promotive of divorce." Such agreement is wholly distinguishable from the contingent fee contract which is condemned as tending "directly to bring about alienation of husband and wife by offering a stranger a premium to advise dissolution of the marriage ties." (*Hill* v. *Hill*, *supra*, p. 92.) Since the reason for condemning a contingent fee contract in a divorce action does not here exist, there is no ground for application of the rule invalidating such contract. (See *Newman* v. *Freitas*, *supra*, 129 Cal. 283, 292.)

We conclude that the judgment which was entered upon the contract in the main action is not void upon the face of the judgment roll and that it is therefore not subject to collateral attack in this proceeding instituted under section 689 of the Code of Civil Procedure.

The purported appeal from the minute order is dismissed. The judgment appealed from is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Third party claimant and appellant's petition for a rehearing was denied February 2, 1953.