[Civ. No. 19340.   First Dist., Div. One.   Apr. 14, 1961.]

V. T. MAHONEY, Plaintiff and Appellant, v. ROY A. SHARFF, Defendant and Appellant.

ROY A. SHARFF, Plaintiff and Appellant, v. VERA BLACKBURN, Defendant and Respondent.

(Consolidated Cases.)

Orlando J. Bowman and Edmund L. Regalia for Plaintiff and Appellant Mahoney and for Defendant and Respondent Blackburn.

John E. Anderton, Richard H. Perry, Harry N. Grover and W. A. Lahanier for Appellant Sharff.

BRAY, P. J.—Appeals by both parties to the judgment.

## QUESTIONS PRESENTED

Primarily, the question involved is the interpretation of an attorney's retainer contract.[1]

### DEFENDANT'S APPEAL

1. Is plaintiff entitled to credit the attorney's fees awarded defendant in the divorce action on the amount of the attorney's fees provided in the contingent contract?

2. Is the judgment in excess of the trial court's jurisdiction?

3. Was interest properly awarded plaintiff?

### PLAINTIFF'S APPEAL

Was the order in the divorce case requiring plaintiff's former husband to pay the community debts a "recovery" under the contingent fee contract?[2]

### RECORD

Defendant is an attorney. In December 1954, plaintiff and defendant entered into an "Attorney's Retainer Agreement." Thereafter plaintiff sued defendant for return of certain moneys which she claimed that defendant had improperly retained under the contract. Defendant counterclaimed and also filed a petition for a declaration of rights asking the court to interpret the contract. The court awarded plaintiff judgment against defendant for $992 plus interest. In arriving

---

[1]While defendant Sharff is also a petitioner, he will be referred to as "defendant."

[2]Plaintiff also claimed that the sum of $5,500 which she received in the divorce action as alimony did not constitute "recovery" under the contract. At oral argument plaintiff conceded that it was "recovery" and that defendant is entitled to a percentage thereof.

at that sum the court credited plaintiff on her indebtedness to defendant under the contract with the sum of $4,500 awarded defendant in *Blackburn* v. *Blackburn,* a divorce action brought by plaintiff against her then husband. Defendant appeals from the allowance of that credit. The court credited defendant (1) with 40 per cent of $5,403.04, the latter being the total amount of debts incurred by plaintiff and her husband during their marriage and which the court in the divorce action decreed the husband should pay; (2) with one-third of $4,500 temporary alimony paid plaintiff by her husband in the divorce action; (3) with 40 per cent of $1,000 alimony paid plaintiff after trial in the divorce action.

### 1. *The contract.*

In November 1954, plaintiff contacted defendant and asked him to represent her in an annulment action previously brought by her, and a divorce action then on file. The parties then executed the "Attorney's Retainer Agreement." It provides for a $1,000 retainer fee to be credited against the percentage contingent fee provided in the contract. (The retainer fee was paid.) The agreement provided that defendant was to receive "one-third of the amount recovered before suit set for trial or forty percent after date of trial set." In the annulment suit of *Blackburn* v. *Blackburn,* the court appointed a receiver for the California property belonging to plaintiff's husband. Defendant then amended plaintiff's complaint for annulment, asked for a divorce and alleged breach of contract and damages. Defendant rendered a considerable amount of services for plaintiff in *Blackburn* v. *Blackburn.*

The contract provided that in the event of no recovery at all, defendant's fees for the services to be rendered would be limited to the $1,000 retainer fee. Under certain circumstances where a divorce action is pending a plaintiff wife may legally enter into a contingent fee contract with an attorney who is to represent her in that proceeding. (*Krieger* v. *Bulpitt* (1953), 40 Cal.2d 97 [251 P.2d 673].) (No claim is made in this case that the contract is improper or that there was any overreaching by the attorney in obtaining it.) In such a contract the wife can obligate herself to pay a sum independent of, and in addition to, any fees which may be awarded by the courts. (*McDonald* v. *Johnson* (1949), 229 Minn. 119 [38 N.W.2d 196, 200]; see also *Collins* v. *Welsh* (1934), 2 Cal. App.2d 103, 110 [37 P.2d 505].) The question here is, did the contract provide that the 40 per cent contingency fee (the

Blackburn case went to trial, so the higher fee applied), was to be in addition to any fee to be paid by the husband which the court in the divorce action might allow. The contract is silent upon the subject.

There are no California cases dealing directly with the problem here. However, there are cases which seem to indicate that defendant is not entitled to the court award in addition to the contract fee.

In *Boyles* v. *Leonardo* (1924), 65 Cal.App. 315 [224 P. 115], the court cites and relies on *Culley* v. *Badgley* (1917), 196 Mich. 414 [163 N.W. 33], which stated: "We think it was the defendant's duty, in representing his client, to obtain, in the way of costs and expenses, what he in fairness could obtain at the hands of the court, *to the end that his client might to that extent be relieved.*" (P. 35; emphasis added.) In *State* v. *Superior Court* (1910), 58 Wash. 97 [107 P. 876], the court stated: "A plaintiff in a divorce action may make an agreement with her attorney fixing the amount of his compensation, and, in the absence of an express agreement, the law will imply an agreement to pay the reasonable value of the services performed, and this obligation is not affected or abrogated by the allowance of an attorney's fee in a divorce action, *except as to the amount allowed.*" (P. 877; emphasis added.)

In *McManus* v. *Montgomery* (1938), 12 Cal.2d 397 [84 P.2d 787], an action to recover the reasonable value of attorney's services, the court found that the wife and attorney had made no agreement concerning attorney's fees in the maintenance action. The divorce court had awarded the wife as attorney's fees $650. The court in the action for attorney's fees stated: "The purpose of the [divorce] court in making provision for attorneys' fees . . . was to allow the full reasonable value of legal services to the 'entry of judgment.' . . . *To permit recovery of a larger amount would constitute a fraud upon the court and upon their client.*" (P. 400; emphasis added.) The court further stated: As "no independent contract existed for payment of a fee, said attorneys are estopped now to contend that their client is indebted to them in an amount exceeding the sum allowed by the court in the maintenance action." (P. 400.)

In *Schwartz* v. *Schwartz* (1959), 173 Cal.App.2d 455 [343 P.2d 299], an appeal from an order reducing an award of attorney's fees, the court said: "In analyzing the attorneys'

rights regarding orders for fees it must be remembered that the attorney has no direct substantive or proprietary interest in the allowance of attorney's fees made to the wife. His right is only indirect and derivative. (*Weil* v. *Superior Court,* 97 Cal.App.2d 373, 376 [217 P.2d 975].)" (P. 457.)

It may very well be that the services rendered by defendant to plaintiff are reasonably worth the contingency fee plus the award in the Blackburn case. However, defendant undertook these services under an agreement which granted him only a percentage of the "recovery." In fact, if there were no "recovery" he agreed that the $1,000 retainer should be in full for all services. As he is an attorney and prepared the contract, if there is any ambiguity in it we must construe the contract most strongly against him.

In *Bennett* v. *Potter* (1919), 180 Cal. 736 [183 P. 156], the contract provided that the attorney was to prosecute an action for the partition of land and to receive as compensation 10 per cent of " '. . . whatever is recovered . . .' " The attorneys claimed that they were entitled as fees to 10 per cent of what was "recovered" plus an attorney's fee allowed in the partition action. The court pointed out that section 1654, Civil Code, provided that a contract is to be " 'interpreted most strongly against the party who caused the uncertainty to exist' " and then said that as the contract was drawn by the attorneys it should be "interpreted most strongly against the plaintiffs. This rule is accentuated by the fact that the plaintiffs were attorneys at law and presumably familiar with legal terms and proceedings and accustomed to the use of language appropriate to the framing of contracts, while the defendant was a business man with no special knowledge of, or familiarity with, these subjects. . . . We must also presume that the provision of the contract that the plaintiffs should have 'ten per cent of whatever is recovered' was considered by the parties to be full compensation, so far as it applied to the particular suit, for all services to be rendered by plaintiffs as attorneys in that action, if, as might be the case, no attorney's fee was allowed therein. An interpretation which would give them both, as that of the court below does, would involve the absurdity of giving them twice the value of the service rendered." (Pp. 740, 741.)

Section 137.5, Civil Code, provides: "Whenever the court in any action for . . . divorce . . . orders one of the parties to pay attorneys' fees *for the benefit of the other*" (emphasis

added) the court may make such fees payable "to the attorney entitled thereto." As the fees in Blackburn are paid for the benefit of plaintiff and as defendant has no direct, substantive or proprietary right therein, his right being only derivative from plaintiff, it is obvious that in the absence of a contract expressly providing that he may receive those fees *in addition* to his compensation under the contract, those fees must be credited to the amount payable under the contract.

State Bar rule 3, Rules of Professional Conduct (52 Cal.2d 896), providing "A member of the State Bar shall not . . . except with a person licensed . . . directly or indirectly share compensation arising out of or incidental to professional employment . . ." is in nowise applicable to the situation here. There is no sharing of compensation. The moneys paid by the husband to defendant under court order are for plaintiff's benefit. In effect, the situation is as if the moneys were first paid to plaintiff and then by her paid to defendant, on account of her contract liability to him.

Nor can the attorney's fees awarded in Blackburn be considered "recovery" as to which defendant is entitled to a percentage. If so interpreted it would mean adding to the attorney's fees provided in the contract additional fees. In other words, it would be paying defendant attorney's fees for getting attorney's fees. The court properly charged the Blackburn attorney's fees against the compensation provided in the contract.

### 2. *The court did not exceed its jurisdiction.*

It is defendant's theory that by the prayers in her complaint and in her answer to defendant's counterclaim and petition for declaratory relief the most plaintiff demanded was 60 per cent of the attorney's fees allowed in the divorce complaint as, defendant contends, they were part of "recovery" under the contract. Defendant, therefore, contends that the court had no jurisdiction to credit the entire $4,500 against the fees to be paid by plaintiff under the contract. The court here found that this $4,500 was no part of the "recovery." It is axiomatic that a trial court may give any relief consistent with the issues which are in the court's general jurisdiction raised by the pleadings regardless of the content of the prayer. Section 580, Code of Civil Procedure, states that in any case other than where no answer is filed to the complaint "the court may grant him [the plaintiff]

any relief consistent with, the case made by the complaint and embraced within the issue." (See *Meisner* v. *McIntosh* (1928), 205 Cal. 11 [269 P. 612].) Plaintiff's complaint sought money damages against defendant on the theory that none of the items in the orders and judgment in the Blackburn case were "recovery." Defendant took the position that all items were "recovery" except the attorney's fees. Thus, the court was presented with an issue as to which it could either agree with plaintiff's theory or with that of defendant, or disagree with both. Therefore, the court's judgment was consistent with the issues raised by the pleadings.

3. *Interest.*

The court allowed plaintiff interest from May 10, 1956, on the $992 it found due from defendant to plaintiff, being the amount received by defendant in excess of the amount to which the court found defendant to be entitled.

"Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest from that day. . . ." (Civ. Code, § 3287.) The contract provides for compensation for defendant on the basis of the amount of "recovery." The amounts recovered were certain and ascertainable as of the date of the decree in *Blackburn* v. *Blackburn*, May 10, 1956, even though the parties disagreed as to which items constituted "recovery," for the purpose of applying the percentage provided by the contract. As held in *Hansen* v. *Covell* (1933), 218 Cal. 622 [24 P.2d 772, 89 A.L.R. 670], where there are counterclaims arising out of the contract the prevailing party is entitled to interest on the balance found due, from the date on which that balance would have been payable to him. Therefore the court was correct in allowing plaintiff said interest.

## PLAINTIFF'S APPEAL

Based upon the rule hereinbefore stated that a contingent fee contract which is prepared by the attorney will be construed liberally in favor of the client, plaintiff contends that because the debts contracted by her and her husband were already obligations of her husband at the time of the divorce litigation (they were found in the annulment action to be community debts for necessaries of life (*Blackburn* v. *Blackburn* (1958), 160 Cal.App.2d 301 [324 P.2d 971])); therefore, when the divorce court required them to be paid

by the husband, plaintiff received nothing. Hence, there was no "recovery" within the meaning of the contract. She claims also that her understanding of the contract was that "recovery" referred to the amounts prayed by her in the annulment complaint. Defendant admits that he did not inform plaintiff that the payment of past bills was, in his opinion, part of the "recovery" until after she had sent him a bill for the moneys she claimed he had improperly kept as his share of the "recovery."

Of course, in interpreting the contract, what either party considered it to mean, uncommunicated to the other, at or before entering into the contract, is not admissible. We can determine what a lay person in the absence of an explanation to her by the lawyer would reasonably consider the word to mean. As hereinbefore stated we must interpret it most strongly against defendant, and in the light of the fact that the drawer is an attorney and the other party a woman client. "Recovery" to a lawyer could possibly have a completely different meaning than to a layman. It seems to us that the only reasonable meaning of the word to a lay person would be something tangible that she receives, something in the nature of money or property which she could turn into money. Although section 17071, Revenue and Taxation Code, includes in "Gross income" "Income from discharge of indebtedness," it is very doubtful that any lay person would consider as "recovery" anything as intangible as the release of a community indebtedness, as to which, although liable, she might never be called upon to pay.

In *Bennett* v. *Potter, supra,* 180 Cal. 736, the attorneys were to bring a partition action against the tenants in common with the client, and also a suit for accounting. The contract provided that the attorneys should receive any fee allowed in the partition action plus 10 per cent " '. . . of whatever is recovered. . . .' " (P. 739.) The trial court allowed the attorneys 10 per cent of the moneys recovered in the accounting suit plus 10 per cent of the value of the land partitioned to the client. The court held that the allowance based upon the value of the land was improper, as the client already owned the share of the land partitioned to him, and hence nothing was "recovered." A plaintiff in partition "does not recover the segregated parcel, nor even the possession thereof, but keeps such possession and thereafter excludes the other tenants from that parcel." (P. 742.) While the facts in Ben-

nett are not similar to those in the case at bar, the case shows how liberally the courts construe a lawyer's fee contract in favor of the client.

In *Miller* v. *Wing* (1935), 9 Cal.App.2d 483 [50 P.2d 470], the attorney's fee contract provided for a fee of one-fourth of all property or money distributed to the client as her community interest in her husband's estate, and of any property distributed by the executor to the trustee over and above the amount shown in the executor's account. The client received in addition to the matters mentioned, $12,000 as income which the court found came to her under the will. The attorneys claimed that they were entitled additionally to the other amounts received, one-fourth of this sum, contending that the contract properly interpreted allowed them one-fourth of all additional property distributed to the client. The court denied their contention. The attorneys then claimed that if this was not covered by the contract, they were entitled to the reasonable value of their services in obtaining it for the client. The court held that these services were included in the contract but the contract made no provision for compensation for them additional to that above mentioned.

In *Hollingsworth* v. *Lewis* (1928), 93 Cal.App. 526 [269 P. 709], the court determined that as interest to be recovered on "refunds" was not expressly mentioned in the attorney's fees contract, the attorney was not entitled to a percentage of the interest obtained for the client. "[I]t will be noted that the plaintiff undertook the burden of securing '*refunds* on such shipments,' and that the defendants undertook to pay the plaintiff '50% of the refunds so secured.' In very short, we are asked to determine the length and breadth of the meaning of the word '*refunds*' as used in the contract executed by the parties. As to whether that word included both freight moneys and interest on freight moneys, or merely included freight moneys, is slightly ambiguous. As the contract was made between an attorney and his client, the ambiguity should be resolved against the attorney and in favor of the client. [Citation.]" [P. 528.]

In *Dalzell* v. *State Bar* (1936), 6 Cal.2d 433 [57 P.2d 1300], the attorney's fees contract provided that the attorney would proceed to "collect" the client's interest in an estate for which he was to receive 25 per cent of " '. . . the amount recovered . . .' " He succeeded in obtaining a judgment for his client of some $18,000. From the first payment on account of the judgment, the attorney retained a sum equal to

his percentage of the face of the judgment. $12,000 was all that was realized on the judgment at any time. The court held that under the contract the attorney was entitled only to a percentage of the money actually collected and not of the amount of the judgment, and that, moreover, he was not entitled to have retained out of the first payment a sum larger than his percentage of that amount.

In *Jackson* v. *Campbell* (1932), 215 Cal. 103 [8 P.2d 845], the attorney's fees contract provided for payment to the attorney of 20 per cent of the total amount collected, if without suit, 35 per cent if suit filed and brought to judgment, and if the action were appealed the attorney should " 'receive as compensation for his services therein' " 35 per cent of the amount recovered. [P. 105.] Suit had to be brought and went through an appeal. The attorney claimed that he was entitled to recover 35 per cent of the amount recovered for services through the superior court and 35 per cent for services on the appeal, totaling 70 per cent. The court held that the only reasonable construction of the contract was that for all services, including the appeal, the attorney was only to receive 35 per cent of the amount recovered.

In *McClintock* v. *Bathurst* (1937), 23 Cal.App.2d 647 [73 P.2d 1237], the attorneys, before the services they agreed to perform were completed, claimed an outright conveyance to an interest in certain property under a contract which provided for payment of attorney's fees " '. . . in the following manner, to wit: That said fee for said services shall be an undivided twenty (20%) per cent interest in and to certain lode mining locations (describing them) and the clients as security for the fee hereinabove mentioned hereby sell, assign, transfer and set over to said attorneys said undivided twenty (20%) per cent interest in and to the above mentioned mining locations.' " (P. 648.) The court cited cases holding that "In the construction of contracts for fees between attorneys and clients, any ambiguity must be resolved against the attorney and in favor of the client" (p. 649), and held that the contract should be construed as meaning that the attorneys were given a lien upon the property immediately, as security that the interest in the property would become theirs upon the performance of their obligation.

In *Abbott* v. *Hauschild* (1952), 113 Cal.App.2d 383 [248 P.2d 41], the contract provided that the attorney was to bring an action to obtain for the client certain real property

standing in the name of the client and his wife. " 'For your compensation I will pay you 50 per cent of any money realized from the sale of the property . . . and I hereby assign to you a ½ interest in said property . . . I will pay you a reasonable fee for getting my property back from my wife.' " (P. 385.) Contrary to the attorney's contention that he was to receive half of the property plus a reasonable attorney's fee, the court held that a proper construction of the contract was that the attorney was to be paid a reasonable fee for his services, and that the assignment of the half interest in the property was merely as security for the payment of such reasonable fee.

The court found that defendant was entitled to credit against the moneys he had received in *Blackburn* v. *Blackburn* the sum of $4,508, leaving a balance due plaintiff of $992. Included in this credit of $4,508 is an allowance of $2,161.22, being 40 per cent of $5,403.07, the amount of the community debts of plaintiff and her former husband. As we have shown, defendant is not entitled to this sum. Hence, there should be added to the $992, said $2,161.22, making a total of $3,153.22. Plaintiff is entitled to judgment in that amount plus interest at 7 per cent per annum from May 10, 1956.

The judgment is reversed and the trial court is ordered to enter judgment as herein stated. Each party shall bear his own costs.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied May 9, 1961, and the petition of appellant Roy A. Sharff for a hearing by the Supreme Court was denied June 6, 1961.