[Civ. No. 14630. Third Dist. Sept. 12, 1975.]

In re the Marriage of KATHLEEN L. and ALBERT GONZALES.
KATHLEEN L. GONZALES, Respondent, v.
ALBERT GONZALES, Appellant.

**COUNSEL**

Friedberg, Mart & Mahon and Dale W. Mahon for Appellant.

Berlin & Goodman and Sidney L. Berlin for Respondent.

## OPINION

**REGAN, J.**—This is an appeal from that portion of an order pendente lite wherein the trial court awarded the wife's (Kathleen) attorney $7,500 in fees and $1,000 on account of costs for the prosecution of her action for separate maintenance and for the defense of the husband's (Albert) action for dissolution.[1] The sole issue on this appeal is whether the trial court abused its discretion in making this award.

Kathleen and Albert were married on June 23, 1962. There are two minor children of the marriage. On February 13, 1974, Kathleen filed a petition (re marriage) against Albert requesting legal separation, custody of the children, child support, spousal support, division of the community property and attorneys' fees and costs.

On that same date, Kathleen also obtained an order to show cause for certain pendente lite orders including temporary custody subject to reasonable visitation rights, $1,000 per month child support for the two children, $500 per month spousal support, $7,500 attorneys' fees and $1,000 court costs.

On February 14, 1974, Albert filed his response (re marriage) requesting a dissolution of the marriage, division of the community property and confirmation of his own separate property (to be discussed *infra*). He consented to the award of custody of the children (and child support) to Kathleen, but objected to spousal support, attorneys' fees and costs. On February 21, 1974, at the hearing on the order to show cause, Albert consented to pay $300 for child support and $150 for attorneys' fees.

The property of the marriage is insignificant. However, on November 27, 1973 (after the parties were separated), a judgment was returned in favor of Albert in the Sacramento County Superior Court for the approximate amount of $3.2 million in a medical malpractice and fraud lawsuit. One of the defendants has paid Albert and his counsel $500,000 in partial settlement. Kathleen's principal object in the instant litigation is to establish a community property interest in this recovery and judgment, despite Civil Code section 5126.

---

[1] A pendente lite order in a matrimonial action is directly appealable independently of the main action. (*Moore* v. *Superior Court* (1970) 8 Cal.App.3d 804, 809 [87 Cal.Rptr. 620].)

On February 5, 1974, Kathleen entered into a retainer agreement with her present counsel. Under the terms thereof, she agreed to pay to her counsel a percentage of whatever is obtained in her behalf *out of the third-party settlement or judgment.* In addition, the agreement provides that Kathleen will not owe any legal fees if the attorneys are unsuccessful in obtaining a share of the judgment or settlement, nor is she obligated for any expenses or costs of litigation, all of which are to be advanced by the attorneys.

Kathleen obtained the pendente lite order for fees and costs because extensive litigation was anticipated. Albert contests the award, arguing that there is a contingent fee contract that will provide for all of Kathleen's legal fees and costs, at least as to those incurred to establish an interest in the third-party judgment, which is the only conceivable subject of extensive litigation. (Civ. Code, § 4370; *Mahoney* v. *Sharff* (1961) 191 Cal.App.2d 191 [12 Cal.Rptr. 515].)

After presentation of the evidence at the pendente lite hearing, the following colloquy occurred:

"MR. FRIEDBERG: . . . I would like to bring to the Court's attention a case as it related to the contingent fee contract and the effect it would have, upon the Court presently ordering him to pay eighty-five hundred dollars in advance costs and litigation expense, which I'd like to bring to the Court's attention. Because if the contingent fee contract is lawful, it is our position that he is not entitled to be awarded fees in this particular proceedings, because he has already contracted for that out of the percentage of the recovery.

"What the Court would be doing by granting attorneys' fees and costs would be to have the respondent here finance litigation against himself; and that is why I would like to bring that case to the Court's attention which defines the duties of a person where there is a valid contingent fee contract in a domestic relations case. I don't know whether the Court is aware of the case.

"THE COURT: *Well, I don't think I am going to clutter up my thinking by considering the contingent fee contract.* I think that is a matter that the propriety or impropriety of it is going to have to be ruled upon at another time, and I think I will simply say that this order relative to attorneys' fees and costs is without prejudice to the contentions of either side." (Italics added.)

In the case of *In re Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 263-264 [105 Cal.Rptr. 483], the court states: "The purpose of an allowance to a wife for counsel fees on account is to enable her to have sufficient resources to adequately present her case. [Citations.] In order to be entitled to an award the wife must demonstrate that her resources are not sufficient to meet the expenses of litigation. [Citations.]"

■ Thus, an essential ingredient for allowance of counsel fees is a showing of *need* in order to assure to persons with domestic difficulties that they will have their day in court, on appeal as well as trial. (*Hunter* v. *Hunter* (1962) 202 Cal.App.2d 84, 92 [20 Cal.Rptr. 730]; accord, *Modglin* v. *Modglin* (1966) 246 Cal.App.2d 411, 415 [54 Cal.Rptr. 582] [critical question is whether wife has need of money to maintain the proceedings].) ■ Furthermore, it must be remembered that attorney's fees are granted to the wife for her benefit rather than that of her attorney. (*Meadow* v. *Superior Court* (1963) 59 Cal.2d 610, 615 [30 Cal.Rptr. 824, 381 P.2d 648].)

Counsel have cited no California authority, and we have found none, dealing directly with the problem presented here. *Mahoney* v. *Sharff, supra*, 191 Cal.App.2d 191, relied upon by Albert, is distinguishable because that case involved a potential double recovery of attorney's fees, i.e., a court award in addition to a contract fee. There was no question raised as to the propriety of the award against the husband, who was not a party to the appeal. The quarrel was between the attorney and his own client. The precise issue facing us here was thus not there involved.

We are, of course, well aware that the allowance of attorneys' fees in a dissolution proceeding is a matter best determined by the trial court in the exercise of judicial discretion and, in the absence of a clear showing of abuse of discretion, such determination will not be disturbed on appeal. (*In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 899 [101 Cal.Rptr. 295].) Nevertheless, under the peculiar circumstances of this case, we conclude that the trial court did, in fact, abuse its discretion. ■ The court totally closed its mind to the existence of the contingent fee contract, which at the very least was a circumstance which should have been considered.

The contingent fee agreement covered all court costs and litigation expenses, and to that extent Kathleen had no need for attorneys fees and costs. Thus the award made here was not "reasonably necessary" for maintaining this or any other proceeding to recover a share of the third

party judgment, and accordingly was contrary to the purpose of Civil Code section 4370.[2]

On the other hand, an award for fees and costs for the purpose.of prosecution and defending the domestic relations action (separate maintenance, dissolutiòn, child custody, support, etc.) was proper. Clearly however the bulk of the $8,500 award was related to the malpractice judgment and cannot be sustained.

The order awarding counsel fees and costs is reversed, with directions to the trial court to take further proceedings consistent with this opinion.

Puglia, P. J., and Paras, J., concurred.

---

[2]Civil ·Code section 4370 reads, in pertinent part: "During the pendency of any proceeding . . . the court may order the husband or wife . . . to pay such amount as may be *reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees;* and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be *reasonably necessary for the·prosecution or defense* of the proceeding or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be *reasonably necessary to maintain·or·defend* any subsequent proceeding therein, and may thereafter augment or modify any award so made." (Italics added.)