Carl W. LONGMIRE, Appellant,

v.

Leta Fern HALL, Appellee.

No. 47657.

Court of Appeals of Oklahoma, Division No. 1.

June 10, 1975.

Rehearing Denied July 15, 1975.

Released for Publication by Order of Court of Appeals Oct. 9, 1975.

Carl W. Longmire, pro se.

Harris, Gladd & Dyer, Tulsa, for appellee.

ROMANG, Presiding Judge:

This appeal is brought by Carl W. Longmire, attorney at law, who was attorney for the defendant and cross-petitioner, Leta Fern Hall, in a divorce action filed by J. B. Hall on November 19, 1969.

On April 19, 1972, after extended proceedings, Mrs. Hall was granted a divorce from J. B. Hall on the ground of incompatibility. Mrs. Hall was awarded alimony in the amount of $52,500.00, a parcel of improved realty valued at $18,000.00, and 40 acres of land in Wagoner County valued at $20,000.00 for a total award of $90,250.00.

J. B. Hall was ordered to pay Mrs. Hall's attorney, Longmire, an attorney fee of $15,000.00, which was paid. There was no appeal from the divorce judgment.

The employment agreement between Mrs. Hall and Longmire was in the form of a letter dated December 4, 1969, addressed to Longmire, and signed by Leta Hall, which reads as follows:

"This is to acknowledge an agreement whereby you are to represent me in an action that my husband has filed against me in the District Court of Mayes County, State of Oklahoma, in case number JFD–69–159. It is agreed that your fee for representing me will be 25% of any and all amounts that I may recover or receive as a property settlement and/or alimony or for any other recovery that I may receive in the above entitled cause. This fee shall be in addition to any fee allowed by the Court to be paid by my husband. This 25% shall not include up and including the first $20,000.00 but shall include any amount either in money or property above $20,000.00."

On June 29, 1972, Longmire presented Mrs. Hall with a second fee agreement which provided that Longmire would waive all rights granted to him under the letter agreement if Mrs. Hall would convey to him an undivided 1/4th interest in and to her 40 acres of land in Wagoner County. Mrs. Hall refused.

On March 22, 1973, Longmire filed in the land records of Wagoner County, an instrument entitled "Affidavit and Caveat" in which he alleged that he is the owner of an undivided one-fourth interest in and to the 40 acres of land of Mrs. Hall as a direct result of the letter of December 4, 1969.

On March 29, 1974, Mrs. Hall filed a Motion to Strike wherein she moved the court to set aside the purported contingent fee agreement. Longmire filed an Answer and Cross-Petition wherein he asked for judgment against Mrs. Hall in the amount of $25,800.00 and that his attorney's lien be continued in Wagoner County.

At the hearing in this subsequent proceeding, Longmire testified that he had devoted between 1,250 to 1,500 hours as an attorney representing Mrs. Hall in the divorce action and that his fee should be not less than $40.00 per hour. Longmire also testified that since the divorce he had represented Mrs. Hall in three contempt proceedings against her former husband, for which he should be paid the sum of $1,300.00.

The District Court entered an Order dated June 20, 1974, which reads in part:

"That the motion to strike of the movant herein is overruled; that the agreement signed by the movant, Leta Fern Hall, dated December 4, 1969, is void, but that the respondent, Carl W. Longmire, has rendered some services for the movant subsequent to the granting of the divorce and for which he is entitled to compensation; that there is evidence that the movant agreed to pay the respondent some additional fees in addition to the amount allowed by the Court, which was $15,000.00 and which appears to this Court to be very substantial. However, the Court finds that there was considerable work done in this case by the respondent; the Court further finds that the respondent, Carl W. Longmire, is entitled to recover from the movant, Leta Fern Hall, for services rendered subsequent to the date of the decree of divorce and for any additional amount he may claim is due him over and above the amount allowed by the Court, in the amount of $1,750.00 and should be given judgment against the movant for said amount of $1,750.00."

■ Longmire has appealed and presents two propositions. The first is:

"That the trial court erred in finding that the agreement of December 4, 1969, was void."

Longmire relies heavily upon the case of *Krieger v. Bulpitt*, 40 Cal.2d 97, 251 P.2d 673 (1953), to uphold his contingent fee agreement. He asserts that the attorneys

in *Krieger* represented the defendant just as he represented the defendant in the instant case. However we note one material difference. In the instant case, the defendant was a cross-petitioner, and the divorce was granted to defendant on her cross-petition.

In *Opperud v. Bussey*, 172 Okl. 625, 46 P.2d 319 (1935), the Oklahoma Supreme Court held in the syllabus as follows:

"An attorneys' lien contract providing for a contingent fee, dependent on the amount recovered in a divorce case, is against public policy and void and unenforceable."

In the opinion the court said:

"As to the second assignment of error, that the court erred in holding said contingent fee contract void, we find that such judgment is in accordance with practically every decision passing directly on such question."

Further in the opinion, the Oklahoma Supreme Court quoted from the case of *Jordan v. Westerman*, 62 Mich. 170, 28 N.W. 826, as follows:

". . . Contracts for contingent fees paid attorneys were not tolerated at all at common law, but in this and perhaps most of the states such contracts are allowed, if not favored. This is on the ground that otherwise a party without the means to employ an attorney and pay his fee certain, and having a meritorious cause of action or defense, would find himself powerless to protect his rights. In divorce cases, however, the law has taken care that the wife shall not be without assistance, in proper cases, either to prosecute or defend such actions. The court, in its discretion, may require the husband to pay as alimony any money necessary to enable the wife not only to support herself, but also to prosecute or defend the action, and is given ample power to enforce such order. The reason or necessity, therefore, does not exist in such cases, as in the others, for allowing contingent attorney's fees, and,

where the reason ceases, the rule or law also ceases. By the contract in question the attorney was to have a portion of, or an interest in, the community property to be recovered, and a division of the community property could take place only upon a dissolution of the marriage. Civ.Code § 146. This prospective share in the community property, being the greater interest, was the controlling consideration on the part of Long. Hence he was directly and greatly interested not only in preventing any reconciliation, but in bringing about a divorce."

We find that the contingency fee arrangement as set forth in the letter of December 4, 1969, was not void ab initio as against public policy.

Longmire's second and final proposition reads as follows:

"That the trial court erred in awarding judgment to the appellant in the amount of $1,750.00 when the evidence conclusively showed that the appellant was entitled to not less than the sum of $25,800.00."

The $25,800.00 for which Longmire is contending, would be in addition to the $15,000.00 fee set by the Court in the divorce action and paid by plaintiff. Longmire points to the case of *Aronson v. Aronson,* 468 P.2d 493 (Okl.1970), as an example of what his total fee should be if based upon an hourly rate. We notice in *Aronson,* the wife received a total award of $90,750.00, and her attorneys received a fee of $7,000.00. In the instant case, Mrs. Hall received a total award of $90,250.00, and her attorney received a fee of $15,000.00.

Longmire cites a number of cases dealing with the right of an attorney to recover on quantum meruit. One such case is *Wiley v. Silsbee,* 1 Cal.App.2d 520, 36 P.2d 854 (1934), wherein the court said:

"It is likewise now established as a proposition of substantive law that, in a case of a contract to pay for services which is void as against public policy, there arises an implied contract to pay for services rendered thereunder, and the remedy of action sounding in quantum meruit is available to recover the reasonable value thereof."

There are many factors that enter into the reasonable value of an attorney's services. While time is one, the results obtained must also be taken into consideration, and in this regard, the trial judge is in a better position to know the reasonable value of an attorney's service in a divorce action than an appellate court, in the absence of an abuse of discretion.

In *Wilbanks v. Wilbanks,* 441 P.2d 967 (Okl.1968), the Oklahoma Supreme Court said:

"The granting or the allowance of an attorney's fee and the amount thereof is for determination by the trial court in the exercise of its discretion and such fee may be fixed without the aid of expert testimony. *Clark v. Clark,* 201 Okl. 134, 202 P.2d 990. However, this Court on appeal may raise or lower the fee set in view of the facts and circumstances present. *Romans v. Romans,* Okl., 366 P.2d 760."

Also see *Herndon v. Herndon,* 503 P.2d 545 (Okl.1972).

We find Longmire's second proposition to be without merit.

We further find and hold that the costs of this appeal should be taxed against Carl W. Longmire including a reasonable attorney fee for the attorneys of Mrs. Hall in the amount of $1,000.00, which Carl W. Longmire is hereby ordered to pay forthwith.

Affirmed.

REYNOLDS and BOX, JJ., concur.