## ROWE *et al.* v. YUBA COUNTY.

AN attorney at law appointed by the Court of Sessions to defend a pauper prisoner arraigned before it upon an indictment for felony, cannot charge the county for his professional services—the appointment being made upon the expression of a desire of the prisoner to have counsel.

The Court of Sessions cannot create any charge against a county, except in certain special cases.

It is part of the general duty of counsel to render their professional services to persons accused of crime, who are destitute of means, upon the appointment of the Court, when not inconsistent with their obligations to others; and for compensation, they must trust to the future ability of the parties.

APPEAL from the Tenth District.

*F. L. Hatch, District Attorney*, for Appellant.

I.   The Board of Supervisors of Yuba county did right in rejecting plaintiffs' account—it not being a " legal charge " against the county.   The Board are restricted in the allowance and auditing of accounts to such accounts as are " legally chargeable " against the county.   (Supervisor Act, sec. 9.)

Rowe *v.* Yuba County.

II.   Plaintiffs' account was not a legal charge against the county. Sec. 271 of the Criminal Practice Act of this State simply gives to the party accused the right to appear by counsel.   The statute no where requires that he shall appear by counsel, or that the Court shall appoint counsel for him.   At common law, a party on trial for felony could not appear by counsel.   It is simply made the duty of the Court to inform the party of this right.   The Court could not compel counsel to act in such case ; and if counsel refused to act, and the accused was unable to procure counsel for himself, the trial could still proceed, and would not be irregular.   Cases precisely in point, where the same question was passed upon : *Bacon* v. *County of Wayne*, 1 Mann. [Mich.] 461 ; *Whicker* v. *Board of Com. Cedar Co.*, 1 Iowa, [Green] 217.

*George Rowe and Charles De Long*, for Respondents.

I.   Every poor man accused of crime, and about to be arraigned, is entitled to counsel, to be appointed by the Court.   He has as much right to have counsel appointed as the poor of a district have to call upon the overseers for aid.   (U. S. Const. art. 6 ; Const. of Cal. art. 1, sec. 8 ; Wood's Dig. 291, 271.)   The U. S. Constitution says, " He shall have the assistance of counsel for his defense." Hence, Courts always appoint attorneys to act for the accused, if he be unable to employ them.

II.   Counsel cannot decline to act when appointed by the Court; and their services become a debt against the county.   (*Whicker* v. *Cedar Co.*, 1 Iowa, [Green] 221, Dissenting opinion of Green ; *Hall* v. *Washington*, 2 Id. 473.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J concurring.

The only question presented for consideration by the record in this case is, whether an attorney and counsellor appointed by the Court of Sessions to defend a pauper prisoner arraigned before it on an indictment for felony, is entitled to charge the county for his professional services—the appointment being made upon the expression of a desire of the prisoner to have the assistance of counsel.

The plaintiffs were appointed in this way to defend several prisoners, and the account for their services was presented to the Board of Supervisors of the county, and by that body rejected. They then brought the present action, and recovered judgment, from which the county appeals.

We are clear that the action cannot be maintained. The Court of Sessions is not authorized to create any charge against the county, except in certain special cases, of which the employment of counsel for parties under indictment is not one. Besides, it is part of the general duty of counsel to render their professional services to persons accused of crime, who are destitute of means, upon the appointment of the Court, when not inconsistent with their obligations to others; and for compensation, they must trust to the possible future ability of the parties. Counsel are not considered at liberty to reject, under circumstances of this character, the cause of the defenseless, because no provision for their compensation is made by law. The duty imposed in this way may, it is true, be carried to unreasonable length, so as to become exceedingly burdensome; but we have heard of no complaints of this character. It is usual for the Court to apportion the duty among the different members of the profession practicing before it, so as to render it as light upon each as possible.

The judgment must be reversed, and the Court below directed to enter judgment for the defendant; and it is so ordered.