[No. 4,375.]

## LAMONT *v.* SOLANO COUNTY.

COMPENSATION OF ATTORNEY.—The compensation of an attorney for services rendered by him pursuant to appointment by the Court in defense of a pauper prisoner, is not a charge against the county.

ATTORNEY'S EXPENDITURES.—An attorney defending a pauper prisoner by appointment of Court, cannot recover against the county for moneys expended by him in conducting the defense.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

It is alleged in the complaint that the plaintiff—an attortorney and counselor at law—having been appointed by the District Court to defend two pauper prisoners indicted for the crime of murder, gave his professional services in their behalf at the trials, and prosecuted appeals to the Supreme Court from a judgment of conviction, necessarily expending the sum of $300 in procuring affidavits in the cases and in attending on the Supreme Court; that he presented a claim to the Board of Supervisors of Solano county for the money so expended, and for $1,500 as compensation for services rendered, and that the Board rejected the claim. He brought this action to recover for both items. The defendant had judgment upon a general demurrer, and the plaintiff appealed.

*John M. Coghlan,* for the Appellant, argued that the pay of counsel appointed by the Court to defend pauper prisoners is an expense necessarily incident to the proper administration of the criminal law, and that the county, being liable for all expenses incurred in trials for crimes committed within its borders, is liable to such counsel for his

*J. F. Wendell*, for Respondent, relied upon *Rowe* v. *Yuba County*, 17 Cal. 61.

Mr. Chief Justice WALLACE, speaking for the Court, said:

This action, as I understand it, is brought upon an implied promise on the part of the county to pay for the services of the plaintiff. Such a promise, however, cannot be implied where it is the duty of the attorney to perform the services when called upon by the Court to do so. It is "part of the general duty of counsel to render their professional services to persons accused of crime who are destitute of means, upon the appointment of the Court, when not inconsistent with their obligations to others." This view was announced here some fourteen years since in *Rowe* v. *Yuba County* (17 Cal. R. 62), and no change of the rule has been effected by subsequent legislation or judicial decision brought to our notice.

In regard to the claim for moneys expended, counsel have not cited any provision of the statute which would require an attorney to make advances out of his own pocket in procuring affidavits while conducting the defense of a prisoner. He is simply to give his professional services.

Judgment affirmed.