2  159
20  467

JOHNSTON, appellant, *v.* LEWIS AND CLARKE COUNTY, respondent.

RIGHT OF PRISONER TO COUNSEL.  The 6th article of the amendments to the constitution of the United States has abrogated the rule of the common law by which a prisoner was not entitled to appear by counsel.

COMPENSATION OF ATTORNEY APPOINTED BY COURTS.  An attorney who has been appointed by the district court to defend an indigent prisoner charged with the commission of a felony, is required to perform this duty; but he cannot recover compensation for his services from the county in which the trial occurs.

COUNTY FUNDS.  Money can only be drawn from the treasury of a county in pursuance of the statute.

*Appeal from Third District, Lewis and Clarke County.*

THE judgment was rendered by WADE, J., upon an agreed statement of facts.

E. W. TOOLE and CHUMASERO & CHADWICK, for appellant.

There is only one question in this case — the liability of re-

spondent to pay an attorney for services in defending a prisoner by order of the court. The law makes it the duty of the court to assign a prisoner counsel when he is unable to employ an attorney. Cod. Sts. 220, § 196; 6th Amend. U. S. Const.

An attorney must perform this duty. If he refuses, the court can punish him for contempt by fine or imprisonment. *Hall* v. *Washington County*, 2 Iowa, 473.

A special tax is imposed upon appellant if he is not entitled to compensation. With equal justice others should be compelled to furnish the necessaries of life to paupers gratuitously.

Respondent should pay for appellant's services. *Webb* v. *Baird*, 6 Ind. 13; *Dane* v. *Smith*, 13 Wis. 585. These cases are directly in point.

Respondent relies on *Rowe* v. *Yuba Co.*, 17 Cal. 61. The statute of California is different from that of Montana. No authority is referred to in the opinion, and the reasons which are stated are unsound. If it is regarded applicable to this appeal, it is not a safe precedent.

Is it right to make an attorney work for nothing? Does he pay a license for this privilege?

J. K. TOOLE, District Attorney, Third District, and SHOBER & LOWRY, for respondent.

It is the duty of the court to assign counsel for certain prisoners, but it is not authorized to employ attorneys. Cod. Sts. 220, § 196.

No provision has been made for the payment of appellant's services, and the county cannot pay for them. Cod. Sts. 435, § 14. There is no contract between appellant and respondent, and there is no obligation to pay by respondent. *Case* v. *Shawnee Co.*, 4 Kan. 511; *Rowe* v. *Yuba Co.*, 17 Cal. 62.

The cases cited from Indiana and Wisconsin by appellant are inapplicable. These decisions are based upon a provision of the constitutions of these States. In Indiana the constitution provides "that no man's particular services shall be demanded without just compensation." Art. 1, § 21. The statute requiring an attorney to perform gratuitous services is in conflict with this section.

SERVIS, J.    The agreed statement of facts in this case presents only one question for our determination, namely, the liability of a county to pay the reasonable fee of an attorney at law assigned by the court to defend an indigent prisoner charged with a felony.

It is conceded that the only statute upon this subject in this Territory is that of section 196 of the Criminal Practice Act (Cod. Sts. 220), which provides: "If any person about to be arraigned upon an indictment for felony be without counsel to conduct his defense, and he be unable to employ any, it shall be the duty of the court to assign him counsel, at his request, not exceeding two, who shall have free access to the prisoner at all reasonable hours."

The claim of the plaintiff is, that by virtue of the provision of this law, coupled with that provision contained in the sixth article of the amendment to the constitution, which provides, that such accused person shall "have the assistance of counsel for his defense;" and that by virtue of his being an attorney at law, and thereby an officer of the court, and his compulsory obligation to defend a prisoner when assigned by the court, he is entitled from the county to a reasonable moneyed compensation therefor.

With respect to the duties of attorneys and solicitors in courts of justice, they are, and always have been, for many purposes, deemed *officers* of the courts in which they are permitted to practice ; and although their duties and liabilities are necessarily subject to local laws and rules of particular places and particular courts, yet the bar of the United States, generally, is subject to the same principles and doctrines of common law applicable to their brethren in England ; and in England an attorney, though an officer of the court, could not generally be compelled to appear or act for any one, unless he had voluntarily undertaken so to do, or accepted a retainer.    But in some cases the courts there have had and exercised the power to assign an attorney for indigent persons in civil suits, and a case is recorded of the court of queen's bench having assigned to a suitor in indigent circumstances an attorney who had previously refused to act for him.    *Treverman* v. *Anon.*, 12 Mod. 583.    But not so in criminal cases, for at common law a prisoner was not entitled to appear by counsel at all ; and the provision in our constitution, which gave him permission to be assisted

by counsel in his defense, was only intended to abrogate that established doctrine of the common law, or, at farthest, to no more than lay a predicate for rightful legislation as to compensation in such cases, and indeed, in some States, the legislature has not only made it the duty of the court to assign counsel for indigent prisoners, but have fixed either the mode or amount of compensation for their services; and in the State of California, the legislature has only provided, that the court shall advise such prisoner that the common law is not in force in this respect, but that it is his right to be assisted by counsel in his defense, if he shall so desire.

We have been unable to examine many of the authorities cited by counsel for appellant, for the reason (as is too often the case) that they were either not within their command, or removed to their offices or elsewhere after being cited. The only authority cited by plaintiff, which we have had an opportunity to examine, and which, upon argument, seemed to be the most favorable to the plaintiff, is the case of *Hall* v. *Washington Co.*, 2 Iowa (Green), 473, which is somewhat elaborate, and by no means void of legal acumen; and the learned judge in that case concedes (as it must be in this) that the statute being silent as to the compensation, the question thereof must be disposed of upon the principles of the practice of the common law; but he fails to cite any authorities at common law in support of the proposition of the right of the court or of the county commissioners to *create* any liability against a county. His reasoning is, that when a duty is enjoined by statute, the means for enforcing it are necessarily implied. This is too broad a construction to be given to a statute borrowed, as ours seems to be, from States where it was deemed necessary to provide for compensation in such cases. If such were the law, why legislate at all upon the subject of fees or compensation to any of the officers of the court? Why not let the court or the board of commissioners fix the amount or rate of fees in each case, and thereby *create* an indebtedness against the county? And the answer to this is: That, in this respect, the legislative branch of the government has undertaken to regulate the creation of such liabilities, and it has regarded the courts and the commissioners, in this respect, as mere creatures of their statutory powers.

When courts order processes and papers to be issued and served their ministerial officers must obey, and for this certain compensation is fixed by statutory law. Other orders are often made by courts upon their ministerial officers necessary to the due administration of justice, which they are compelled to and do obey, and for which, in many States, no compensation is fixed by law. Yet they must perform them without charge, unless provided by statute, and if the statute has not conferred the right to compensation, the court has it not by implication, and cannot enforce it, for that would be but to violate the law, instead of enforcing it.

It therefore follows, that as the claim of the plaintiff was not a debt created by any express authority of law, it could not be created either by the court or the commissioners, as they were but mere creatures of the statute, and therefore it was not created at all as against the county, and if created at all, it was against the defendant — the prisoner he defended; and this view, we think, is fully sustained in the case of *Rowe* v. *Yuba Co.*, 17 Cal. 61.

This may seem, as it in fact does, to impose unequal burdens upon the legal profession, which, however, can be readily remedied by the legislative tribunal, the rightful and only power to correct the evil complained of.

The law, for all time, has enjoined such seeming burdens upon the legal profession, and that, too, in times when, to attain such distinction, was attended with greater difficulty than at the present day; and the performance of such duty was then acquiesced in without, at least, recorded murmur; compensated only with the honor of obedience to the law, the faithful performance of duty, and that of being an honored member of a profession, which, upon the roll of illustrious men who have figured in the annals of our Union, has inscribed some of the brightest names, whose labors are enduring monuments upon the broad field of the law which they have cultivated and adorned. By their official position they have been and undoubtedly will continue to be placed at the most important posts of our political system as sentinels upon the past, present and future battlements of the law; a castle whose dome overhangs the fundamental interests of civil society. Although their number may, perhaps, be so great as scarcely to afford an adequate distribution to each, yet all are

made, by virtue of their professional office, conservators of public order, the guardians of right, the enemies of wrong, and the probaters to whom appeal is made in cases of exigency. And this, no doubt, was the view taken of the rights, duties, and liabilities of the legal profession by Chief Justice FIELD in the 17th of California Report, above cited, wherein he says: "It is part of the *general duty* of counsel to render their professional services to persons accused of crime who are destitute of means, when not inconsistent with their obligations to others; and for compensation they must trust to the possible future ability of the parties. Counsel are not considered at liberty to reject, under circumstances of this character, the cause of the defenseless, because no provision for their compensation is made by law."

The judgment of the court below is affirmed, with costs.

*Judgment affirmed.*

WADE, C. J. The plaintiff in this case, who is an attorney at law, having been assigned by the court to defend a prisoner in indigent circumstances, in pursuance of the statute, and having so defended the prisoner, presented the account for his services, in this behalf, to the board of county commissioners of Lewis and Clarke county, requesting the board to allow the account, and draw him an order on the county treasury, in his favor, to pay the same. The board disallowed the account, and refused to draw the order requested, whereupon an agreed case was made and taken to the district court, where the decision of the board was affirmed, the account disallowed, and judgment rendered for defendant, from which judgment the plaintiff appeals to this court.

The statute provides that it shall be the duty of the court to assign counsel to defendants in certain cases, of which this case is one; and the plaintiff rests his case against the county upon the theory that, when the law requires a service to be performed, the presumption necessarily arises that compensation shall be awarded therefor, and that no service can be required unless payment is provided. This would be a forcible proposition to urge before a legislature whose province it is to make laws, but before a court the law must be taken as it is, and not as it ought to be.

The statute *does* require the service, and it *does not* provide

any means for payment. Money can *only* be drawn from the county treasury in pursuance of the statute, and as authorized by law, and any order drawn on the treasury without this authority is void. There is no statute in the Territory authorizing courts to order attorneys to be paid from the county treasury for services rendered in defending prisoners; there is no statute authorizing the board of commissioners to draw an order on the treasury in payment for such services; and there is no statute authorizing the county treasurer to pay for such service; and in the absence of authority it would be simply judicial legislation, or worse, for the courts to open the door of the treasury to any demands not authorized by law.

We readily assent to the proposition that no man should be required to perform service without just compensation therefor, but it is the duty of the legislature, and not the courts, to enact such laws as will secure this end.

NOTE.—The case of *Rowe* v. *Yuba County*, *supra*, was affirmed in *Lamont* v. *Solano County*, 49 Cal. 158.—REP.