Opinion
BROWN (G. A.), P. J.
Real party in interest Donnie Roy O’Neal is an indigent imprisoned in a state correctional facility and is a defendant in three civil actions for wrongful death pending in Fresno County.
*193 Fresno County Legal Services, Inc., a publicly funded pro bono publico legal services organization, is representing a codefendant in the same civil actions and cannot represent O’Neal because of a potential conflict of interest between O’Neal and the client for whom it is providing legal services.
The superior court appointed real party in interest John Haig Missirlian, an attorney engaged in private practice, to represent O’Neal. He accepted the appointment and undertook the representation. Thereafter Attorney Missirlian petitioned the superior court for attorney’s fees and costs. The court awarded $500 attorney’s fees, denominated a retainer, and $100 costs for “all services required to prepare this case for trial” and ordered payment out of the Fresno County general fund, There was no evidence presented that the County of Fresno has appropriated funds for this purpose nor is there any argument presented or authority cited that the county has been authorized by the Legislature to do so.
Contending that in the absence of legislative authority and an appropriation of funds the superior court is without authority or power to order the payment of attorney’s fees and costs, the County of Fresno seeks a writ of mandate directing the superior court to vacate its order.
In Payne v. Superior Court (1976) 17 Cal.3d 908 [132 Cal.Rptr. 405, 553 P.2d 565], the Supreme Court held that an indigent prisoner who is sued in a private civil action is constitutionally entitled to “a meaningful opportunity to be heard” (at p. 927) in the action, which may constitutionally require court appointment of counsel to represent him.[1] The majority of the court in Payne saw the combined effect of (a) lack of opportunity of a prisoner to appear personally in court to protect his property interests and (b) inability of an indigent prisoner to obtain counsel as a denial to the indigent prisoner sued in a civil case of meaningful access to the courts, and this the majority held violated the indigent prisoner’s rights under the due process and equal protection clauses of both the state and federal Constitutions. (Payne v. Superior Court, supra, 17 Cal.3d at pp. 913-923.)
*194 The issue in Payne arose when the petitioner sought to be relieved from a default judgment taken against him while he was a prisoner, indigent and unrepresented. The question of compensation of and costs for appointed counsel was not squarely before the court. However, the court made definitive pronouncements upon the subject of compensation at two separate places. Footnote 6 at page 920 reads: “The state also apparently assumes that if this court orders counsel appointed in certain cases, it will mandate that counsel be paid from public funds. We do not assert such power. If and how counsel will be compensated is for the Legislature to decide. Until that body determines that appointed counsel may be compensated from public funds in civil cases, attorneys must serve gratuitously in accordance with their statutory duty not to reject ‘the cause of the defenseless or the oppressed.’ (Bus. & Prof. Code, § 6068, subd. (h).)” Again, at pages 923-924, the court said: “Whether counsel will be drawn from the ranks of legal aid attorneys, other public or privately funded lawyers serving the disadvantaged, public defenders if so authorized to act, or the private bar, is a question that we leave to the sound discretion of trial courts. We recognize, of course, that funds for payment for the services of the appointed attorneys are unavailable until such time as authorized by the Legislature. (Fn. 6, ante.)” It is apparent from the context of the Supreme Court’s comments that the issue of compensation was discussed by counsel and was a consideration entering into the majority’s decision,[2] probably in anticipation of the issue arising upon further proceedings in the trial court. Because the issue was not necessary to the decision in a narrow sense, real parties in interest argue that what the Supreme Court said was dicta and need not'be followed. We do not agree. Dicta are not to be ignored. Dicta may be highly persuasive, particularly where made by the Supreme Court after that court has considered the issue and deliberately made pronouncements thereon intended for the guidance of the lower court upon further proceedings. (Paley v. Superior Court (1955) 137 Cal.App.2d 450, 460 [290 P.2d 671].)
This view as to the compelling effect of the Payne language denying compensation to appointed counsel for indigent defendants in civil cases is reenforced by the Supreme Court’s subsequent decision in *195 Jara v. Municipal Court (1978) 21 Cal.3d 181 [145 Cal.Rptr. 847, 578 P.2d 94]. That case held that the trial court is not constitutionally compelled to appoint an interpreter at the expense of the county or court for an indigent non-English speaking party to a civil action. Among other statements, the court said:
“In Ferguson [Ferguson v. Keays (1971) 4 Cal.3d 649 (94 Cal.Rptr. 398, 484 P.2d 70)] we did not reach the question whether indigents must be given funds to pay third party charges in civil cases. [Citation.] Subsequent cases have refused to require counties to provide indigent civil litigants with counsel or with appellate transcripts. [Citations.]
“Providing for appointed counsel for indigent prisoner defendants in Payne v. Superior Court (1976) 17 Cal.3d 908 [132 Cal.Rptr. 405, 553 P.2d 565], this court expressly pointed out that we do not possess the power to require expenditure of public funds for the purpose. Rather, attorneys are expected to serve gratuitously as part of their public responsibilities. [Citation.]” (At p. 184.)
Further, our independent review of the authorities in this and other states has failed to turn up a single case wherein a court has held that an indigent civil litigant is entitled to court-appointed counsel at public expense.[3], [4]
*196 Moreover, even in the criminal arena California and the vast majority of other states have held that absent statutory authority appointed counsel for an indigent defendant has no right -to compensation or costs by the public and that such denial does not violate any provision of the federal Constitution. (Rowe v. Yuba County (1860) 17 Cal. 61; Lamont v. Solano County (1874) 49 Cal. 158; Annot., Right of Attorney Appointed by Court for Indigent Accused to, and Court’s Power to Award, Compensation by Public, in Absence of Statute or Court Rule (1968, 1977 pocket pt.) 21 A.L.R.3d 819; Annot., Inherent Power of Court to Compel Appropriation or Expenditure of Funds for Judicial Purposes (1974, 1977 pocket pt.) 59 A.L.R.3d 569, 617-625.)[5] Certainly the position of an attorney at law in this regard can be distinguished from that of a plumber, a barber, a grocer, a clothing store owner or an automobile dealer. The practice of law is a professional privilege conferred by the state, one of the conditions of which is that the attorney not reject “the cause of the defenseless or the oppressed” (Bus. & Prof. Code, § 6068, subd. (h)). No such statutory or professional obligation attaches to those who perform the other services or engage in the businesses mentioned.
In the various cases in the criminal area discussing this subject the attack upon the doctrine that an attorney should serve free as part of his professional duty is grounded upon contentions that such a doctrine deprives the attorney of property without due process of law and constitutes involuntary servitude. The cases also discuss the contention that the court has the inherent power to order the payment of attorney’s fees and expenses to assure the fulfillment of the indigent criminal defendant’s due process and equal protection rights to adequate legal representation. Though the case at bench involves strictly private civil litigation, the identical issues are raised herein. While we are not unmindful of the serious burdens placed upon attorneys in fulfilling their statutory and professional obligation, we believe that the pronouncement of Payne that absent legislative authority counsel is not entitled to be compensated, followed by Jara, renders it unnecessary and inappropriate *197 that this intermediate appellate court launch upon an independent analysis of the arguments in support of petitioner’s position. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) If we are wrong in this regard, the Supreme Court, which penned the novel, innovative and expansive teachings of Payne, will give us, the litigants and the bar proper directions in this regard.
Let a peremptory writ of mandate issue directing the superior court to vacate and set aside its order dated February 7, 1978, authorizing and directing the payment of fees and costs to counsel for Donnie Roy O’Neal.

In the Payne case the court said: “All we hold is that denial of appointed counsel to an indigent prisoner, when no other relief will preserve his right of access to the courts, is constitutionally impermissible. [¶] We do not rule that appointment of counsel is an absolute right." (Payne v. Superior Court, supra, 17 Cal.3d at p. 924.) We infer by the order respondent court made in this case that the court determined appointment of counsel for O’Neal was necessary under Payne to preserve his constitutional right of access to the courts.

The three dissenting justices also recognized that the majority opinion mandates the rendition of free legal services. Their opinion states; “In the final analysis the majority will mandate the rendition of free legal service by the 'bar to convicted criminals in civil cases, which professional service we have not as yet required be extended to law-abiding citizens. The majority concede that we cannot compel appropriation of monies, legislative or otherwise, for these services.” (Payne v. Superior Court, supra, 17 Cal.3d at p. 933.)

We realize this may be due in part to the fact that Payne is apparently the first case which has held the appointment of counsel for an indigent imprisoned civil litigant is constitutionally compelled.

In this regard the reliance of real parties in interest upon Luke v. County of Los Angeles (1969) 269 Cal.App.2d 495 [74 Cal.Rptr. 771] is misplaced. In that case Luke, an attorney, was appointed to represent an indigent defendant in a narcotics commitment proceeding to the C.R.G. pursuant to Welfare and Institutions Code section 3050 et seq. The court awarded the attorney $750 compensation which the county auditor refused to pay. In that mandamus proceeding the auditor was ordered to honor the warrant. At that time Welfare and Institutions Code section 3105 authorized the appointment of counsel for indigent defendants in C.R.C. commitment proceedings. It did not expressly authorize the payment of fees. Penal Code section 987a at that time provided for compensation in criminal proceedings. C.R.C. proceedings have been labeled civil in nature although they may result in involuntary commitment to an institution. The court framed the question thus: “Is it reasonable today to attach to a statute which provides for court-appointed counsel in a custodial proceeding an interpretation that appointed counsel will render his services for nothing?” The court answered its own question, “We think not.” (Luke v. County of Los Angeles, supra, 269 Cal.App.2d at p. 499.) The court predicated the conclusion on the custodial nature of the proceedings and on a perceived legislatively declared public policy that counsel be compensated in custodial proceedings. The case at bench is clearly distinguishable because (1) there is no statute authorizing the appointment of counsel, (2) the proceedings are not custodial, and (3) there is no legislatively announced policy in favor of paying counsel in strictly private civil litigation.

The law in California, as in many other states, has been changed since Rowe and Lamont by the enactment of legislation authorizing the appointment of counsel at public expense. Illustrative of these statutory provisions are the following: in criminal cases for indigent defendants (see Pen. Code, §§ 987.2-987.8, 1241), in juvenile court proceedings (Welf. & Inst. Code, §§ 317, 318.5, 634), in mentally disordered sex offender proceedings (Welf. & Inst. Code, § 6305), for narcotic addicts (Welf. & Inst. Code, § 3104), for the developmentally disabled (Health & Saf. Code, § 38451; Welf. & Inst. Code, §§ 6517, 6519), and the mentally ill (Welf. & Inst. Code, § 5365). In addition, the public defender has a limited duty to represent indigent defendants in civil litigation “in which, in the judgment of the public defender, the person is being persecuted or unjustly harassed.” (Gov. Code, § 27706, subd. (c).)