[Civ. No. 57865. Second Dist., Div. Two. Feb. 28, 1980.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DANIEL F. HOLLEY, Real Party in Interest.

COUNSEL

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

James E. Sutherland for Real Party in Interest.

OPINION

FLEMING, Acting P. J.—Mandate by the County of Los Angeles to vacate an order of respondent court requiring the county to pay $1,250 in attorneys' fees and costs to counsel appointed to defend Daniel Holley in an action brought by the county to recover child support. We issued an alternative writ.

On October 2, 1978, the County of Los Angeles instituted an action against Holley to establish his obligation to reimburse the county for child support. (Welf. & Inst. Code, § 11350 et seq.) Holley, an indigent, asked for appointed counsel to represent him. On October 9 the trial court, purportedly acting under the authority of Penal Code section 987, subdivision (a), appointed counsel to represent Holley, and thereafter it directed the county to pay counsel $1,250 for attorneys' fees and costs. The county sought mandate to vacate the order for attorneys' fees and costs.

In *Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226], the Supreme Court held that an indigent defendant in a paternity and child support action prosecuted by the district attorney is constitutionally entitled to appointment of free counsel to represent him. Accordingly, the county does not contest the appointment itself, but it contends that the court erred in ordering it to pay attorneys' fees and costs in that such expenditure of public moneys has not been authorized by the Legislature, either under Penal Code section 987, subdivision (a), or Welfare and Institutions Code section 11350, or otherwise.

■ Holley first argues that appointment of counsel at county expense is authorized by Penal Code sections 987 and 987.2. While these sections authorize appointment of counsel at public expense in criminal causes, they have no application to civil causes (*County of Fresno* v. *Superior Court* (1978) 82 Cal.App.3d 191 [146 Cal.Rptr. 880]), and they are not relevant here.

■ Holley next cites Civil Code section 7011 as statutory justification for the trial court's award of attorneys' fees. That section, part of the Uniform Parentage Act (Civ. Code, §§ 7000-7018, hereinafter UPA), authorizes the court in a UPA action to order the parties to pay reasonable attorneys' fees and costs in such proportions and at such times as may be determined by the court. The parties who can initiate an action under the UPA are a child, a child's natural mother, or a man presumed to be its father, and they do not include a county. (Civ. Code, § 7006, subd. (a).) Although a district attorney may initiate such an action in "the interests of justice" (§ 7006, subd. (g), he does so in the interest of a party and not in the interest of a county seeking reimbursement for moneys spent and to be spent on child support. Patently, the cause of action created by the UPA is separate and distinct from the cause of action prosecuted here by the county. The UPA creates a right of action in a child, its mother, or its presumed father, to determine the existence or nonexistence of the parent-child relationship and to secure an auxiliary determination of the duty to support. (Civ. Code, §§ 7006, 7010.) Welfare and Institutions Code section 11350, under which the present action was brought, creates a right of action in the county against a noncustodial parent who has deserted or separated from his child for reimbursement of moneys spent and to be spent to support the child. While a considerable similarity of issues exists in the two actions, nevertheless, the cause of action of a county for reimbursement of child support under section 11350 is a different action from

that of a parent or child under the UPA to determine parentage and support; and a judgment in the former action is not res adjudicata in the latter action (Welf. & Inst. Code, § 11350.1). In view of the substantial differences between these actions, we think the procedural provisions of the UPA do not apply to the action at bench (Welf. & Inst. Code, § 11350; *D. G.* v. *Superior Court* (1979) 100 Cal.App.3d 535, 542 [161 Cal.Rptr. 117]).

■ Finally, Holley argues that an award of attorneys' fees against the county is authorized by Civil Code sections 196a (parental obligation for attorneys' fees in an action to require support and education of a child) and 4370 (spouse's obligation for attorneys' fees in marriage dissolution proceeding). But the cause at bench is not an action on behalf of a child against a parent seeking support and education, nor is it an action by a spouse seeking to dissolve a marriage. Holley argues that because Civil Code sections 196a and 4370 may require a putative parent to pay attorneys' fees to a child, or to a county acting on behalf of the child (*City and County of San Francisco* v. *Superior Court* (1978) 86 Cal.App.3d 87 [150 Cal.Rptr. 45]), therefore a child, or a county acting on its behalf, can be required to pay attorneys' fees to a putative parent. His argument seeks to convert a child-support action into a parent-support action (Civ. Code, § 248), a metamorphosis we do not find persuasive. In point of fact this action is not brought under Civil Code sections 196a, or 248, or 4370, and procedural rules governing such actions do not apply to an action by a county for reimbursement of child support under Welfare and Institutions Code section 11350.

It is clear there presently exists no statutory authority, explicit or implicit, to spend public moneys to pay counsel to defend indigents in actions brought by a county under Welfare and Institutions Code section 11350 to recoup expenditures for child support. (Cf. *Luke* v. *County of Los Angeles* (1969) 269 Cal.App.2d 495 [74 Cal.Rptr. 771], where statutory authorization was implicit.) Allocation of liability for payment of attorneys' fees in such causes is the prerogative of the Legislature and not of the courts. While the Legislature is now considering appropriate legislation on this subject, it has not yet acted to fix responsibility for payment of the costs of free legal representation for indigents in the type of cause covered by the decision in *Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226]. ■ Until the Legislature provides statutory authorization to pay such expenses from public funds, the trial court is not empowered to order the county

to pay Holley's attorneys' fees. (*Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 920 [132 Cal.Rptr. 405, 553 P.2d 565]; *Jara* v. *Municipal Court* (1978) 21 Cal.3d 181, 184 [145 Cal.Rptr. 857, 578 P.2d 94]; *County of Fresno* v. *Superior Court* (1978) 82 Cal.App.3d 191, 194-96 [146 Cal.Rptr. 880].) Until the Legislature fixes liability on some particular governmental entity to pay such attorneys' fees, appointed counsel in such causes act pro bono publico in the manner appointed counsel formerly acted for indigent defendants in state and federal criminal causes. (*Rowe* v. *Yuba County* (1860) 17 Cal. 61, Field, C. J.) We note that in comparable indigency causes the Legislature has been neither unsympathetic nor dilatory in authorizing free legal representation at public expense (see compilation of statutes in *County of Fresno* v. *Superior Court, supra,* 82 Cal.App.3d 191, at p. 196).

Let a peremptory writ of mandate issue requiring respondent court to vacate its order of October 26, 1979, compelling the County of Los Angeles to make certain payments to counsel appointed to represent Holley, and to enter a new and different order denying the motion for attorneys' fees and costs.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied March 26, 1980, and the petition of real party in interest for a hearing by the Supreme Court was denied April 30, 1980. Bird, C. J., was of the opinion that the petition should be granted.