[Civ. No. 51060. First Dist., Div. Three. Apr. 30, 1981.]

ARLO SMITH, as District Attorney, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
CONSTANTINO CAMPOS, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Thomas A. Brady and Gloria F. DeHart, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

W. Urie Walsh, Walsh & Cullen and Abner Phelps House for Real Party in Interest.

OPINION

**WHITE, P. J.**—This petition challenges a trial court decision requiring the City and County of San Francisco to pay a father's attorney's fees and costs as respondent to an appeal brought by the city and county to enforce child support payments. On the basis of the decisions in *County of Los Angeles* v. *Superior Court* (1980) 102 Cal.App.3d 926 [162 Cal.Rptr. 636] and *In re Marriage of Reyes* (1979) 97 Cal.App.3d 876 [159 Cal.Rptr. 84], we have concluded that the court was without authority to issue such an order. We issue writ of mandate to require the order be set aside.

The proceedings below consisted of an action brought by the district attorney, on behalf of the custodial parent, a welfare recipient, to enforce a child support order from a 1963 dissolution (Civ. Code, § 4702). The district attorney obtained a small judgment but was barred from recovering most of the $17,000 in claimed arrearages because of laches and an oral agreement between the parties. He appealed the judgment.

Thereafter, real party in interest, the father, moved for an order providing him with attorney's fees and costs related to the appeal. On October 24, 1980, the trial court issued an order requiring the city and county to pay $3,000 on account for real party's attorney and to pay all costs "according to proof" and enjoining prosecution of the appeal until payment of attorney's fees and costs for appeal. This petition followed, and we stayed the effect of the order, permitting the appeal to proceed.

Petitioner contends there was no statutory or case law authority for the court's award against the city and county. The court purported to find authority in Civil Code section 4370 and in principles of fairness and equity, but acknowledged that the appellate court was likely to say that the statute did not apply.

Civil Code section 4370 provides that during proceedings connected with dissolution and child custody and support "the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees, . . ." It further authorizes such fees to be paid for proceedings after entry of judgment. The trial court's theory of fairness was that since the city and county stood in the mother's shoes in bringing the support enforcement action it should stand in her shoes for application of section 4370 as well.

We applaud the trial court's sense of fairness. However, more than a theory of fairness is needed to require a public agency to pay for an indigent's legal costs and attorney's fees (assuming, but not deciding real party's status as an indigent).

A question quite close to that presented here was decided in *County of Los Angeles* v. *Superior Court, supra*, 102 Cal.App.3d 926. There the county instituted an action to establish paternity and obtain reimbursement for child support (Welf. & Inst. Code, § 11350 et seq.). Counsel was appointed for the defendant and the trial court directed payment of $1,250 in attorneys' fees and costs. On petition for writ of mandate, the appellate court annulled the attorneys' fees and costs award.

The *County of Los Angeles* court acknowledged that under *Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226], the defendant was entitled to appointment of free counsel. However, it determined that the Legislature had never authorized an expenditure of funds to pay appointed counsel and concluded that such legislation was essential to an award of fees and costs. The court first rejected a contention that the appointment was authorized under statutes applicable to appointment of counsel in criminal cases. It then rejected Civil Code section 7011 as a statutory justification for the trial court award. That section, a part of the Uniform Parentage Act, authorized attorneys' fees and costs. The act, however, did not authorize a county to initiate action in its own interest, and the action it did authorize was distinct from the kind of action brought in *County of Los Angeles*.

The final argument in *County of Los Angeles* was that the award was authorized under either Civil Code section 196a (parental obligation for attorneys' fees in an action to require support and education of a child) or Civil Code section 4370. The court concluded that the action was neither on behalf of a child seeking support and education nor by a spouse seeking to dissolve a marriage. While acknowledging that a putative parent might be required to pay attorneys' fees to a county acting on behalf of a child (*City and County of San Francisco* v. *Superior Court* (1978) 86 Cal.App.3d 87 [150 Cal.Rptr. 45]), the court concluded that to reverse the situation would convert a child-support action into a parent-support action.

Finding no statutory authority for using public funds to pay counsel to defend indigents in actions brought under Welfare and Institutions

Code section 11350, the *County of Los Angeles* court concluded that the award was improper: "Until the Legislature provides statutory authorization to pay such expenses from public funds, the trial court is not empowered to order the county to pay [defendant's] attorneys' fees. [Citations.] Until the Legislature fixes liability on some particular governmental entity to pay such attorneys' fees, appointed counsel in such causes act pro bono publico in the manner appointed counsel formerly acted for indigent defendants in state and federal criminal causes. [Citation.] We note that in comparable indigency causes the Legislature has been neither unsympathetic nor dilatory in authorizing free legal representation at public expense [citation]." (102 Cal.App.3d 926, 930-931.)

The situation here is different from that existing in *County of Los Angeles* only in that here the action is under the Family Law Act to enforce a support decree while there it was brought under the Welfare and Institutions Code to enforce a relative's responsibility to support a child receiving public aid. This distinction becomes material only if Civil Code section 4370 can be read as permitting the court to order a *county* as well as a husband or wife, or father or mother, to pay fees and costs.

Petitioner cites *In re Marriage of Reyes, supra,* 97 Cal.App.3d 876, as persuasive authority for the position that such an addition cannot be made to the language of section 4370. There the petitioner in a dissolution action joined a pension fund as a defendant and after judgment in her favor moved for attorney's fees against the fund on its appeal from the judgment. On appeal from a denial of the motion for fees, the *Reyes* court concluded that section 4370's limitation to "the husband or wife, or father or mother" prevented an award against the pension fund. This was so in spite of the fact that the Legislature had specifically authorized joinder of a pension plan as a party to marital litigation in Civil Code section 4351. The *Reyes* court even noted that "it would be a logical step for the Legislature to authorize fees and costs to be assessed against such a party. However, the Legislature has not done so, and it is properly within its prerogative to make this type of policy decision." (97 Cal.App.3d 876, 879-880.)

Here, the next logical step after permitting the district attorney to appear on behalf of a welfare recipient to obtain reimbursement for the county (Civ. Code, § 4702) would be to permit fees and costs to be as-

sessed against the county. However, as the Legislature has not done so, it is inappropriate for us to take that step for it.

We have reached this conclusion after full briefing by the parties. Any further delay in our decision would only cause uncertainty in the prosecution of the appeal. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal. Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the San Francisco County Superior Court to vacate its order of October 24, 1980, requiring the City and County of San Francisco to pay attorneys' fees and costs for responding to the appeal and to set aside the injunction purporting to prevent prosecution of the appeal.

Feinberg, J., and Barry-Deal, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied June 24, 1981.